WOODLE and others vs. WHITNEY and others.

*Executory contract to make and deliver goods — Right of vendee to return goods.*

In the case of an executory contract to make and deliver goods, the vendee may receive the goods and retain them long enough to give them a fair examination; and if they prove defective, may return them, and recover any sum paid thereon, with interest.

APPEAL from the Circuit Court for *Greene* County.

Action on an executory contract for the manufacture and sale of corn cultivators, on the ground that those made were not such as the contract called for. The facts found by the court were as follows: On the 8th of May, 1866, defendants, who were manufacturers and partners in business at Monroe, in Green county, agreed with plaintiffs to manufacture and construct for the latter, in a good and workmanlike manner, ten corn cultivators of the pattern and model of Howe's cultivator, the whole of them to be completed by the 5th of June, and five of them by the 1st of June, for which defendants were to pay $400. The machines made by defendants in pursuance of this agreement were not made in a good and workmanlike manner, but their axletrees were made of timber unfit for use, and, upon the trial of the machines, broke, without any fault of plaintiffs; and said machines, in consequence of the worthless timber used, were unfit for the purpose, and useless. On the 15th of June, before the final trial and examination of the machines, plaintiffs, at defendants' request, paid defendants on said contract $398.34. At the time of such payment, plaintiffs were ignorant of the vital defects in said machines, and paid the same believing that the contract would be substantially fulfilled by defendants; and the machines were on the premises and under the control of defendants after said payment, the same as before. Two or three days after such

payment, plaintiffs took some of the machines for trial and examination, and after such trial and examination discovered the vital defects therein, and within a reasonable time thereafter, and on the same day of such discovery, returned to defendants' premises the machines so taken, rescinded the contract, and demanded a return of the money so paid, which defendants refused. On these facts, the court held that plaintiffs were entitled to a reasonable time for the trial and examination of the machines, and to return them within a reasonable time if found substantially defective, and receive back the money paid, and that they were entitled to recover the same in this action.

The defendants excepted to the findings of fact and conclusions of law; and appealed from a judgment rendered for the plaintiffs pursuant thereto.

It has not been thought worth while to state the evidence on which the finding of facts was based.

*Charles G. Williams*, for appellants, discussed the questions of fact, and also the further question whether, under the complaint (which said nothing of the payment of purchase-money or return of the cultivators, and asked damages to the amount of $650), the doctrine of a right to return the goods and recover purchase-money had any application.

*Dunwiddie & Medberry*, for respondents.

DIXON, C. J. In this case we hold that the plaintiffs had a right to rescind the contract and recover back the money paid. This right was not lost by taking the cultivators for trial. The plaintiffs could receive and test them, and, if found defective, return them and bring their action. This was the view of the court in *Fisk v. Tank*, 12 Wis. 303, which is fully sustained by the authorities there referred to, and by the late case of *Reed v. Randall* in the Court of Appeals, 29 N. Y. 358, though the court there seem to hold that the remedy by a return of the property to the vendor after the vendee has

had an opportunity of examining it, and a rescission of the contract, is the only one which the vendee has to recover damages on the ground that the article furnished does not correspond with the contract. It is to be observed, however, that that was not a case of executory contract for the manufacture of articles to be delivered at a future day, as to which there is always an implied warranty that the articles delivered shall answer the purpose for which they were designed. We have no disposition to elaborate a proposition which we consider to be so well settled as that here involved; and believing that the circuit judge was correct both in his findings of fact and conclusions of law, we must affirm the judgment.

*By the Court.* — Judgment affirmed.