THE AULTMAN & TAYLOR COMPANY VS. HETHERINGTON and others.

SALE OF CHATTELS: WARRANTY: COUNTERCLAIM. *(1) Measure of damages for breach of warranty. (2) How far recoverable in suit on one of several notes for price. (3) Remedy against the other notes.*

1. The measure of damages for breach of the vendor's warranty is the difference between the actual value of the article and the value which it would have possessed if it had been as warranted; and the *price paid*, or contracted to be paid, is *merely evidence* of the latter value.

2. Notes given for a part of the contract price are not payment, in this state, unless it is expressly so agreed; in a suit upon one of several such notes, it will be presumed, in the absence of evidence, that those not yet due or paid are still in the vendor's hands; and it is error to render judgment for the defendant for the excess of his damages, for breach of warranty, over the note in suit. *Aultman & Co. v. Jett and others, ante,* p. 488.

3. Whether the trial court, in such a suit, can require plaintiff, as a condition of recovery, to surrender the outstanding notes, is not here decided.

APPEAL from the Circuit Court for *Pierce* County.

Action to recover the amount of a note for $277, executed to the plaintiff by defendants, together with two other notes payable at a later date; the three notes being for an aggregate of $750, with interest, and having been given for the price of a threshing machine sold by the plaintiff, either to the defendant *Hetherington* alone, or to him and one Gilmore. *Hetherington's* codefendants signed the notes as sureties. The answer alleged breaches of certain warranties given upon the sale of the machine, to defendant's damage $650. Defendants had a verdict and judgment for $51, and plaintiff appealed from the judgment.

The errors relied upon for a reversal, so far as they are important here, will sufficiently appear from the opinion.

The cause was submitted on the brief of *J. S. White* for the appellant, and that of *Smith & Hale* for the respondent.

For the respondent it was contended, among other things, that the measure of defendants' damages for breach of war-

ranty was correctly stated by the court to be the difference between the value of the machine as it was, and what its value would have been had it corresponded with the warranty (*Giffert v. West*, 33 Wis., 617; *Bonnell v. Jacobs*, 36 id., 59; *Merrill v. Nightingale*, 39 id., 247, 250; Sedgw. on Dam., 6th ed., 347, and cases cited in notes); but that the price paid was evidence of the latter value (*Chaplain v. Warner*, 23 Wis., 448; *Fisk v. Hicks*, 31 N. H., 535; *Parker v. Brown*, 15 id., 176); and that, there being no controversy as to the fact that the machine would have been worth the price paid if it had been as warranted, the court did not err in charging that the measure of defendants' damages was the difference between the price paid and the actual value.

COLE, J. There would seem to be some inconsistency, as claimed by the plaintiff's counsel, between that portion of the charge wherein the jury were told that, if they found there was a breach of warranty, the measure of damages would be the difference between the actual value of the machine and the value it would have possessed if it had conformed to the warranty, and the instruction which was given at the request of the defendants, to the effect that the defendants had a right to rely upon the warranty, and were entitled to a deduction of the difference between the *cost* price of the machine and what it was actually worth at the time the contract was made. The contract price of the machine was $750, while all the evidence on the part of the defendants bearing upon the point fixed its value, if a good machine, at $600. It is certainly true that both these rules, when the evidence is considered, could not be correct; and the inconsistency was well calculated to mis-lead the jury as to the proper measure of damages. The rule is now well settled, that a warranty binds a vendor, in case of a breach, to repay the difference between the actual value of the article sold, and its value as it would have been had it been as warranted, the price paid being merely evidence of that

value.    Sedgw. on Dam., 287; Benj. on Sales, § 913, and cases cited in note (d).

But, without dwelling upon this inconsistency in the charge in respect to the measure of damages, it is plain the judgment must be reversed under the rule laid down in *C. Aultman & Co. v. Jett et al.* [*ante*, p. 488]. That case, like this, was an action upon one of several promissory notes, given by the defendants for a machine. And the court there charged, as the court charged in this case, that if a breach of warranty was established, the defendants might recover from the plaintiff the difference between the actual value of the machine as it was, and its value had it corresponded to the warranty, and, if this difference exceeded the amount of the note sued on, the defendants were entitled to a judgment for the excess. The radical error in that view of the case was held to be this: that the transaction was treated as though the vendees had paid for the machine, and the defendants recovered damages upon that basis; whereas they had only given their promissory notes for it, which in this state does not operate as payment, unless it is so expressly agreed by the parties at the time. There were two other notes given by the defendants for the machine, which are unpaid, besides the note in suit. We must presume that these notes are still held by the plaintiff, as there is nothing to show that they have ever been transferred. Now, such being the fact, it would seem unjust to allow the defendants to recover full damages for the breach of warranty, the same as though they had paid for the machine, when those damages largely exceeded the amount of the note sued upon. Under the rule just referred to, the mere giving of the notes did not operate as payment, nor was it attended with the legal consequences of payment. If it appeared that the notes had been negotiated, a different question would be presented; but it does not appear that they have been, and we must assume that they are still held by the plaintiff. The defendants have seen fit to keep the machine, which is not worthless. Now,

suppose the machine had been bought on credit, no notes having been given. In an action brought for the purchase money, if the defendants had set up a breach of warranty in diminution of the contract price, it is very evident that they would have been charged with the actual value of the machine. The effect of the charge is to give them the damages for the entire breach, though they have paid nothing. This, it seems to us, is clearly incorrect; and for that reason there must be a new trial.

To prevent further litigation it may possibly be in the power of the circuit court to require the plaintiff to surrender the outstanding notes as a condition of recovery in this action. That question is not before us on this record, and we therefore do not decide it; but, for the reasons above given, the judgment must be reversed and a new trial ordered.

*By the Court.* — So ordered.