Churchill vs. Price.

Churchill vs. Price.

EVIDENCE. *(1, 2) Opinion of witness as to amount of damages, and as to condition of property at different times. (6) What fact evidence of non-rescission of contract.*

SALE OF CHATTELS: RESCISSION: WARRANTY: COURT AND JURY. *(3, 4) Requisites of rescission for breach of warranty. (4, 5) Question of rescission for the jury. (6) Evidence. (7, 8) Damages for breach of warranty, how ascertained. Reversal of judgment.*

1. Where one of the questions in issue was as to the defendant's damage from an alleged breach of warranty in the sale of oxen, it was not error

to rule out a direct question put to him as a witness in his own behalf, calling for his *opinion* as to the amount of such damage.

2. The plaintiff in such action, on his cross examination by defendant, might properly be asked whether the oxen were in as good condition at the time of the trial as at the time of the sale, especially when he had introduced evidence of their value based upon their appearance at the time of trial; but error in ruling out the question was cured by the witness afterwards testifying to the same point upon a direct examination.

3. To constitute a rescission of a contract of sale for breach of warranty, the vendee's offer to return the property should be unconditional, and should assign the breach of warranty as the ground thereof.

4. The warranty claimed in a sale of oxen was, that they were sound and true, and in all respects suitable for defendant's purposes. There was proof that, some time after the purchase, the vendee wrote to the vendor that he was so much disappointed in the oxen that he would not pay the note he had given the vendor for $118, the purchase price; that they were not worth $75; and that the vendor might take them away, upon which the vendee would pay for the use of them, or might leave them, in which case he would pay $75 for them. *Held*, that there was no error in refusing to instruct the jury upon this evidence, as matter of law, that the defendant had rescinded the contract.

5. It is generally a question of fact for the jury, whether an offer to return goods sold, and rescind the contract, is made *within a reasonable time.*

6. A continued use of the whole or a part of the property sold, after an alleged offer to rescind, is inconsistent with the claim to have rescinded, or at least strong evidence against it.

7. In assessing damages for a breach of warranty, the jury are not bound to accept the amount estimated by any of the witnesses, nor the average of the amounts estimated by different witnesses, but must exercise their own judgment upon all the facts in evidence, including the opinions of witnesses as to the difference between the actual value of the article and what it would have been worth if as warranted.

8. A judgment cannot be reversed, therefore, on the ground that the verdict was not sustained by the evidence in respect to the amount allowed for breach of warranty, merely because such amount does not conform to either the estimate of any witness, or the average of all the estimates; especially where several warranties were alleged, and it does not appear which of them the jury found to have been given and broken.

APPEAL from the Circuit Court for *Clark* County.

Action for the price of a yoke of oxen sold by the plaintiff to the defendant. The defense was, that plaintiff war-

ranted the oxen to be sound and true, and that they would in all respects answer defendant's purposes; and that there was a breach of the warranty. Defendant bought the oxen without seeing them, and explained to plaintiff that he wanted them to work at logging in the woods. The sum agreed on as the purchase price was $118. Plaintiff had a verdict for about $95, with interest, making in all $100; a new trial was denied; and, from a judgment on the verdict, defendant appealed.

The cause was submitted on the brief of *O'Neill & Sheldon* for the appellant, and that of *Ring & Youmans* for the respondent.

TAYLOR, J. The appellant assigns the following grounds of error:

1. That the circuit court erred in refusing to permit the appellant to answer the following question: "What damage has it been to you?" This question was asked the appellant after he had testified as to what work the cattle had done during the winter, and as to how they had been fed. The court refused to permit the appellant to answer the question, on the ground that it was too general, and called for an answer both as to the law and the facts. We think there was no error in this ruling of the judge. It was for the jury to say what damage, if any, had been sustained by the appellant from the alleged breach of the warranty, upon consideration of all the facts in the case, and not from the opinion of the witness as to what the amount of damage was.

2. That the court erred in refusing to permit the respondent, upon his cross examination, to answer the following question: "Are they in as good condition now as then?" This question related to the condition of the oxen at the time of the sale, and at the time of trial. This question was a pertinent question upon the subject of the value of the oxen at the time of the sale, as compared with their value at the time of the trial, especially as some of the witnesses of respondent who testified

as to their value, testified from the appearance of the cattle at the time of the trial. Although the court ought to have permitted the answer to the question, still there is no error in the whole record; for it appears that afterwards the respondent was permitted to and did testify as to the relative condition of the oxen at the time of sale and at the date of trial. The evidence sought by the question which was excluded, was afterwards put into the case by the respondent himself, and the appellant could not have been prejudiced by its exclusion in the first instance. It is true, the evidence was given upon the examination of the witness by the respondent, instead of the examination by the appellant; but he can hardly be said to have been prejudiced by that fact, as he was at liberty to cross-examine the witness upon the subject if he was dissatisfied with the answer given.

3. The appellant alleges as error that the circuit judge did not charge the jury, as a matter of law, that the appellant had rescinded the contract on account of the supposed breach of warranty. There are three answers to this alleged error:

*First.* The appellant, in his answer, does not allege that he rescinded the contract.

*Second.* On the trial he did not give any sufficient evidence of a rescission of the contract on his part. The only evidence of a rescission was a letter sent by the appellant to the respondent some time after the sale and purchase, which reads as follows: "I have just come from the camp on O'Neill's Creek, and now wish to say to you that I am so much disappointed in the cattle I got of you as to say to you, I will not pay the note of $118. The one ox is not worth $25. The pair is not worth $75. You can take them away, and I will pay you for the use of them; or you can leave them, and I will pay you for them $75." We do not think this was notice to the respondent that the appellant intended to rescind the contract, and hold him thereafter liable to him for the purchase money. In order to avoid the contract on the ground of a breach of

warranty in the sale, the offer to return the property should be unconditional, and it should state that the offer to return was made upon the ground that there had been a breach of such warranty. There was nothing in this letter notifying the respondent that the oxen were not as warranted; it simply notifies him that he does not consider the cattle worth $118, and that they are only worth $75. If there had been a warranty that the oxen were worth $118, the latter might have been a sufficient notice of the reason for his offering to return them; but it is not alleged that there was any such warranty. The letter was simply a notice that the appellant would not stand by his original contract, and an offer on his part to do either of two things in place of such contract, if the respondent saw fit to accept either.

*Third.* Generally, it is a question of fact for the jury, under the circumstances, whether the offer to return the goods purchased and rescind the contract was made within a reasonable time; and the learned judge very properly submitted the case to the jury upon this point. *Boothby v. Scales,* 27 Wis., 626; *Woodle v. Whitney,* 23 id., 55. The learned judge charged the jury upon this point, as follows: "If you find that there was a rescission of the contract by his offering within a reasonable time to return the property, after he ascertained that they were not according to contract, in that case they would belong to the plaintiff, and he would not be entitled to recover in the action at all, and your verdict should be for the defendant." To this part of the charge there was an exception; but there was no request on the part of the defendant that the learned judge should explain to the jury what would be a reasonable time within which the defendant could rescind the contract, nor any request to charge that the evidence showed, or tended to show, that he did offer to return them within a reasonable time. We are of the opinion that the charge of the learned circuit judge upon this proposition correctly stated the law, upon the theory that the evidence in the

case tended to show that the defendant had offered to return the oxen and rescind the contract; especially as there was no request on the part of the defendant to make the charge more specific upon that point.

There is another objection to the claim of the appellant that he rescinded the contract on account of the breach of the warranty. It appears from the evidence that he continued to use at least one of the oxen after the date of his letter to the respondent, and that he used that ox all the season. This would be inconsistent with the claim that he had abandoned his purchase, and held the possession of the cattle for the plaintiff; at least it would be strong evidence tending to show that he considered the oxen his, notwithstanding his claim that he had rescinded the contract.

The appellant also assigns as a ground of error, that the verdict is unsupported by the evidence. His argument is, that, as the jury found a less sum in favor of the plaintiff than the purchase price agreed upon, they must have found that there had been a breach of warranty; and if they found there had been a breach of warranty, then the sum allowed by them as damages for such breach, being about the sum of $25, is inconsistent with the proof upon that subject. It is urged that, because the evidence of no witness fixed that as the exact amount of damages sustained by the defendant by reason of the breach of the warranty, the verdict cannot be sustained. If verdicts were to be set aside for this cause, it would be difficult to sustain any verdict for damages in a case where witnesses were permitted to testify to the amount of damages sustained by reason of a breach of contract of warranty or otherwise, or in any case where the jury were called upon to assess the value of property upon the testimony of witnesses as to such value. Witnesses are properly allowed to give their opinions as to what is the difference in value of the article sold, in the condition as warranted and the condition shown by the evidence proving the breach of the warranty; but such

evidence is still in the nature of mere opinion, and experience shows that such opinions are as variant as the number of witnesses sworn. The jury in such cases are not bound to base their verdict upon the opinion of any one of the witnesses, nor upon an average of the values sworn to, but may use their own judgment, based not only upon the opinions of the witnesses as to the damages or value, but upon all the facts proven on the trial, and fix for themselves the amount of damage which has resulted from the breach of the warranty proved.

A similar objection to a verdict was made in the case of *Merrill v. Nightingale*, 39 Wis., 247. In that case Justice Lyon, in delivering the opinion of the court, says: "It is claimed there is not sufficient evidence to support the verdict; that, in any reasonable view of the testimony, the verdict is entirely too large or too small. We do not think so. The damages for the causes alleged in the counterclaims were unliquidated, and the testimony tending to show the extent or amount thereof is not positive or certain. In assessing those damages the jury had something more to do than merely make a computation. They were required to determine the weight of testimony, the correctness of opinions and estimates, and generally to make such assessment from uncertain and in some respects unsatisfactory data." These remarks are peculiarly applicable to a case like the one at bar, where the jury are called upon to assess damages arising from a claimed breach of warranty on the sale of personal property. It appears from the evidence and the charge of the learned circuit judge, that it was claimed there was a breach of an express warranty as to the weight of the oxen and as to their ability to do a good winter's work for the defendant, and of an implied warranty that they were reasonably fit for the purposes for which they were bought, such purposes having been made known to the seller at the time of the sale, and the purchaser not seeing them before purchase. The verdict is general, and the jury may have found that there was a warranty

as to all the matters claimed by the defendant, or as to one or more of them. The *quantum* of damages would depend upon the fact as to what warranty was found to have been made, and what was broken. It is impossible for this court to tell, from the verdict, what the finding of the jury was upon these several alleged warranties; and it is therefore impossible for us to say that the damages assessed by the jury are either too great or too small.

The case seems to have been fairly tried and submitted to the jury upon a charge of the learned circuit judge sufficiently favorable to the appellant; and as we can find no sufficient reason for saying that the verdict of the jury is not sustained by the evidence, the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.

