### DELANEY vs. McDONALD.

*Grantor and grantee of land.*

The grantee of land cannot remain in possession of all the land which he claimed the deed should convey, rest several years after the discovery of an alleged deficiency of the land conveyed, pay the other notes given for the consideration of the conveyance, and then set up the deficiency of the land as a bar to recovery, or ground of recoupment, in an action on the last of such notes.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action on a promissory note for $250, dated July 1, 1870, and payable one year from date, with interest at seven per cent. No part of the note had been paid. The answer was, that the note was given for a part of the purchase money of certain described land sold by plaintiff to defendant; that at the time when defendant delivered to plaintiff this and other notes, and paid the balance of the purchase money in cash,

plaintiff procured to be executed to him a deed containing a description of the land by metes and bounds, which defendant supposed to be a description of all the lands that plaintiff had agreed to sell and convey to him; that soon afterwards he discovered that a certain described portion of such land had been omitted from the deed; that thereupon he immediately procured to be prepared, and tendered to plaintiff for execution and acknowledgment, a deed covering that part of the lands so omitted, but plaintiff refused to execute it; and that defendant was ready and willing to pay the note in suit whenever plaintiff should execute to him a deed of the land so omitted. Upon these averments defendant demanded that the action be dismissed, with costs.

There was a special verdict, to the effect that there was a verbal contract between the parties by which plaintiff was to convey to defendant a certain strip of land containing about three-quarters of an acre not included in the deed which plaintiff caused to be executed and delivered to defendant; that the value of said strip was $80; that defendant first discovered the omission of said land from the deed about the 19th of September, 1870; that since that time he had retained the title and possession of the land actually conveyed to him, and had never reconveyed, or offered to reconvey, or taken any steps to rescind the sale; and that the amount of the note, with interest to the date of the finding, was $391.45. Upon this verdict, plaintiff moved for judgment for the full amount of the note, with interest, etc.; and defendant moved for judgment dismissing the complaint, etc. The court denied the plaintiff's motion, and rendered judgment in defendant's favor dismissing the complaint and for costs, etc. From this judgment the plaintiff appealed.

For the appellant, there was a brief by *Gilson & Ware*, and oral argument by *Mr. Gilson*.

The cause was submitted for the respondent on the brief of *Geo. P. Knowles*.

Delaney vs. McDonald.

RYAN, C. J. If the conveyance to the respondent did not convey all the land for which the parties bargained, his remedy was by a suit in equity, to reform the deed; possibly by counterclaim in this action. Possibly, also, upon discovery of the deficiency of the conveyance, he might have had the right at once to rescind the contract.

But certainly he could not remain in possession of all the land which he claimed the deed should convey, rest several years after his discovery of the deficiency of the land conveyed, pay all the other notes given for consideration of the conveyance, and then set up the deficiency of the land as a complete bar to recovery on the last note. *McIndoe v. Morman*, 26 Wis., 588; *Grannis v. Hooker*, 31 Wis., 474; *Churchill v. Price*, 44 Wis., 540. Here there are no data even for recoupment for the deficiency. All the payments, on the respondent's own theory, applied equally on all the land to which the latter was entitled. So does the note in suit. And perhaps the finding of the jury, that the deficiency of land was worth $80, and that there was due on the note $391.45, is a better illustration of the extravagance of the bar claimed, than any this court could give.

If the respondent's theory of the case is correct, he appears to have still ample remedy by reformation of the deed. But he must pay the consideration of the deed for the land which he has actually held under the deed, whether the deed includes it or not. This is not the case of an executory contract, but a contract executed. And the cases turning upon executory contracts, cited by the learned counsel for the respondent, do not apply.

The appellant is clearly entitled to judgment for the amount found due on the note.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below with directions to enter judgment for the appellant for the amount found due on the note.