McCANN vs. MEEHAN and others.

*November 22 — December 13, 1881.*

REVERSAL OF JUDGMENT, *on the ground that verdict was against evidence.*

Where the only exception taken was to the denial of a motion for a new trial made upon the ground that the verdict was contrary to the law and the evidence, a judgment pursuant to the verdict will not be reversed if it appears that there was sufficient evidence to sustain the verdict upon any admissible theory of the case.

McCann vs. Meehan and others.

APPEAL from the Circuit Court for *Portage* County.

The complaint alleges, in effect, that the plaintiff agreed to manufacture for the firm of the defendants, at their mill, three grades of shingles at agreed prices, and a fourth grade for what it was reasonably worth, and it was reasonably worth sixty cents per thousand; that, in pursuance of said agreements, the plaintiff did manufacture of each of the different grades the several amounts stated; and that the defendants had only paid him the amount stated, but were still indebted to him for the balance of such services. The complaint also, in effect, alleged that the defendants had failed to furnish sufficient steam-power for the purposes of such manufacture, as agreed, and that, by reason of such failure, the plaintiff was damaged $172; and it prayed judgment for $349.26, with interest. The answer, in effect, admits the agreement to manufacture the shingles, as alleged, except that it denies that the defendants agreed to pay the extra amount stated for the fourth grade, but alleges that it was agreed that in case the making of the fourth grade required an extra sawyer, the defendants would pay the cost thereof. It also denies the second cause of action, and avers, in effect, that the plaintiff did not run the shingle mill at its full capacity, but purposely, and without the knowledge of the defendants, diminished the capacity to an extent named, to defendants' damage, etc. Plaintiff had a verdict and judgment for $110.49; a new trial was denied; and defendants appealed from the judgment.

The cause was submitted on the brief of *G. W. Cate* for the appellants, and that of *Walter R. Barnes* for the respondent.

CASSODAY, J. No objection was made to any of the evidence. The charge of the court seems to have fairly presented the questions involved, and no exception was taken to any portion of it. No exception was taken to any ruling of the court, save only to the denial of the motion for a new trial.

That motion was based upon the ground that the verdict was against the law and the evidence in the case. The only question, therefore, for this court to consider is, whether there was sufficient evidence to sustain the verdict upon any theory of the case. For the purpose of this appeal we will assume that the defendants were entitled to some damages. According to the plaintiff's testimony there was a balance his due upon the first cause of action alleged in his complaint, of $176.70, for shingles manufactured. The verdict was only $110.49, which, on the basis of the plaintiff's testimony, would leave a balance of $66.21, which the jury may possibly have allowed to the defendants for their damages. We are not prepared to say, from the undisputed evidence, even upon the theory of the defendants, that they were entitled to a greater allowance. Besides, there is evidence tending to show that certain alterations in the mill were necessary in order to work another knot sawyer to advantage. There is, therefore, an admissible theory of the case, upon which the verdict cannot be regarded as against law or evidence, and hence the refusal of the court to set it aside on that ground alone is fully justified. *Merrill v. Nightingale*, 39 Wis., 247.

*By the Court.* — The judgment of the circuit court is affirmed.