The Parry Mfg. Co. vs. Tobin.

THE PARRY MANUFACTURING COMPANY, Plaintiff in error, vs. TOBIN, Defendant in error.

*March 1 — March 20, 1900.*

*Sale of chattels: Breach of warranty: Election between remedies: Recoupment: Instructions to jury: Evidence: Measure of damages.*

1. The vendor of vehicles warranted "wheel, spring, and axle," and agreed to replace or repair them if defective on account of material or workmanship, and also warranted the paint not to peel or flake. There was no stipulation that the vendee should return or offer to return defective parts, nor for the trial of the vehicles within a limited time, nor for notice of defects, nor for an opportunity to replace or repair, nor for rescission, nor for waiver by conduct. *Held*, that in case of a breach of the warranty by reason of latent defects the vendee might, without notifying the vendor thereof, retain the defective vehicle and, if sued for the price, recoup his damages for such breach.

2. The warranty of wheel, spring, and axle covered only "private vehicles" and was for one year only, but the warranty of the paint was not so limited. *Held* that, recoupment being sought in an action for the purchase price, the court properly refused to instruct the jury that they must not consider any evidence of defects observed over a year from the date of shipment, and that they must exclude all damages on account of defects in vehicles which the vendee had sold to liverymen for public use.

3. In such action the admission of testimony on behalf of defendant as to defects not covered by the warranty was a material error, and was not cured by an instruction that damages could be allowed only for the defects warranted against.

4. The proper measure of damages for breach of warranties of vehicles sold is the difference between their actual value at the place of delivery and the value they would have possessed there had they been as warranted.

ERROR to review a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Reversed.*

*James A. Frear*, for the plaintiff in error.

For the defendant in error the cause was submitted on the brief of *Smith & Oakes*.

CASSODAY, C. J.   This action was commenced in a justice's
court to recover $82 and interest as the balance due to the
plaintiff company from the defendant, *Tobin*, for forty-four
vehicles ordered by him from the company in 1897, and
shipped by the company from Indianapolis to the defendant
at New Richmond.   The company recovered judgment be-
fore the justice, and *Tobin* appealed to the circuit court.
Thereupon *Tobin* amended his answer by way of denials,
admissions, and counter allegations, claiming damages by
way of recoupment and counterclaim for breach of the
printed warranty contained in the company's catalogue and
incorporated into the order, and which reads as follows:

" *Guaranty on Four Wheelers as Private Vehicles Only.*

" With fair and reasonable usage, wheel, spring, and axle
are warranted for one year.   If defective on account of ma-
terial or workmanship, we will replace or repair the same
free of charge, on return of defective part to us.   Should we
find, on examination, that the parts so returned were not
defective in material or workmanship, we will charge for
repairing the same, including all expenses to us, attached to
the return of the broken parts.   We will not allow deduc-
tions for any cash you may pay out.

"Damage to paint or varnish on account of ammonia or
exposure to the elements, loose and worn-out tires, or a
broken spring that does not show a flaw in the steel, cannot
be considered as coming under this guaranty.   The above
guaranty on wheels does not apply unless tire is kept tight,
and wheel properly dished.

" Remember that by shipping goods under a general re-
lease clause we obtain freight rates very much lower than
otherwise, for the sole benefit of our customers.   Bear this
in mind, and do not hold us responsible for loss or damage
caused by transportation companies.

" We deliver the work in good condition to the transporta-

tion companies, taking their receipts for the same. Our responsibility thereafter ceases. You must make your claims for damage against the transportation company. Wheels, axles, and springs,— if they prove defective on account of poor work or material,— we will give you two to replace the one broken."

Defendant counterclaimed also for the breach of the warranty written in the order as follows: "Paint guaranteed not to peel or flake."

The company replied, and put in issue the allegations of the counterclaim. At the close of the trial the jury returned a verdict, wherein they found for the defendant, *Tobin*, and assessed his damages at $11.90. To reverse the judgment entered thereon for that amount of damages and $65.47 costs and disbursements, the company sued out this writ of error.

As indicated in the statement, the order contained a written guaranty that the "paint" would not "peel or flake," and the only other warranty was contained in the catalogue, and that only extended to "wheels, springs, and axles" of "private vehicles," and as to them only "for one year," with certain limitations as to the extent of such warranties. Counsel for the company contends that the defendant was not entitled to recover damages for the breach of any of such warranties, without first returning or offering to return the defective parts for replacement or repair,— which was never done. Accordingly, error is assigned because the court refused to instruct the jury to the effect that, before the defendant could recover for any such breach, he was obliged to notify the plaintiff of any failure of warranty or defects of workmanship or material; that, unless the plaintiff had knowledge of such defects and refused to repair or remedy the same, the plaintiff was entitled to recover the full amount of the purchase price. In support of such contention counsel cite and rely upon *Kingman & Co. v. Watson*,

97 Wis. 596, and *Nichols & Shepard Co. v. Chase*, 103 Wis.
570. These cases are clearly distinguishable. The contract
in the last of these cases was in no respect like the one in
the case at bar. Nor does the contract in the case at bar
bring the case within the ruling of the first of the cases
cited. True, the plaintiff in this case agreed to replace or
repair parts defective on account of material or workman-
ship, but there is no stipulation that the defendant should
return or offer to return such parts, nor for the trial of the ve-
hicles within a limited time, nor for notice in case of defects
or failure to fulfill the warranty, nor for an opportunity to
replace or repair, nor for rescission in case of failure, nor
for waiver by conduct. Such being the nature of the con-
tract, it is well settled by numerous decisions of this court
that, in case there was a breach of the warranty by reason
of latent defects in any of the vehicles, the defendant had
two remedies. One was to return the defective vehicle or
part thereof, and recover back any sum paid thereon, with
interest. *Fisk v. Tank*, 12 Wis. 277, 303, 304; *Woodle v. Whit-
ney*, 23 Wis. 55; *Boothby v. Scales*, 27 Wis. 636; *Merrill v.
Nightingale*, 39 Wis. 247; *Churchill v. Price*, 44 Wis. 540;
*Warder v. Fisher*, 48 Wis. 338. The other remedy is to re-
tain the article and, if sued for the price, allege and prove
the breach, and have damages therefor allowed by way of
recoupment or counterclaim. *Fisk v. Tank, supra; Bonnell
v. Jacobs*, 36 Wis. 59; *Merrill v. Nightingale*, 39 Wis. 247;
*Warder v. Fisher, supra; Red Wing Mfg. Co. v. Moe*, 62 Wis.
240; *Buffalo B. W. Co. v Phillips*, 67 Wis. 129; *Larson v.
Aultman & Taylor Co.* 86 Wis. 281. And this is so even
where the vendee fails to notify the vendor of the defect.
*Id.* It follows that there was no error in admitting evidence
as to any of such breaches of warranty.

As indicated, the warranty on " wheel, spring, and axle "
only continued for one year, and it would have been error
had the court refused to so instruct the jury; but the instruc-

tion refused covered all defects "observed" over a year from date of shipment. That was inaccurate, since there was no year limit on the warranty that the paint would not "peel or flake." The court was requested to instruct the jury that they must exclude all damages to such vehicles as were sold to liverymen for public use. That was inaccurate, since the guaranty on "wheel, spring, and axle" of "four wheelers," only was confined to "private vehicles." Nevertheless, the court should have separated such "private vehicles" from those sold for public use, and it was error not to observe such distinction in the admission and exclusion of evidence. It is true that the court charged the jury, "as a matter of law," that they "must consider that the buggies sold upon this contract fulfilled the warranty upon everything except the paint," and that they could only allow damages to the defendant "caused by the flaking and peeling of the paint." Such direction to the jury was only prejudicial to the defendant, and, had all the evidence admitted, and to which the plaintiff objected and took exception, been relevant and material to the questions of such breaches of warranty, the plaintiff would have had no ground for complaint. But, as already indicated, it was not so limited. On the contrary, there was considerable irrelevant testimony, admitted against the objection of the plaintiff, as to the corners of the boxes being opened, the boxes being broken, the seats being loose, the boxes being spread, the cross-bars getting loose and defective, the screws coming out, and other defects unnecessary to here mention. We are forced to the conclusion that there was a mistrial.

We think the proper measure of damages for the breach of the warranty, if any, was the difference between the actual value of the defective vehicles at New Richmond and the value they would have possessed at that place if they had been as warranted. *Merrill v. Nightingale*, 39 Wis. 247; *Aultman & Taylor Co. v. Hetherington*, 42 Wis. 622;

*J. I. Case Plow Works v. Niles & Scott Co.* 90 Wis. 590. We perceive no error in the rulings of the court on the subject of damages.

There may be other errors in the record, not mentioned, but they are not likely to be repeated.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.