KOHL, Respondent, vs. BRADLEY, CLARK & COMPANY, Appellant.

*December 5, 1906—January 8, 1907.*

*Sales: Warranty: Breach: Rescission: Action by buyer: Parties: Evidence: Notice of defects: Sufficiency: Appeal: Findings, when disturbed: Return of property after rescission: Waiver: Trial: Reception of evidence: Cross-examination: Production of documents: Notice, when necessary: Verdict: Special questions: Instructions to jury.*

1. In an action to recover the price of an engine upon a rescission because of breach of warranty it appeared, among other things, that plaintiff and B., as surety, signed a written order upon de-

fendant for the engine; that such order directed defendant to furnish the engine to the signers of the order in care of W. & T., agents at M.; that such order contained the terms of sale and warranty, and that the order was accepted by defendant and the engine delivered through W. & T.   *Held:*

(1) When the order was accepted the contract between plaintiff and defendant was closed.

(2) The contract was with defendant and not with W. & T.

(3) Plaintiff was the real party in interest.

2. In an action to recover the price of an engine upon a rescission because of a breach of warranty, the evidence, stated in the opinion, is *held* to support a verdict that the engine did not comply with the warranty.

3. In an action to recover the price of an engine upon a rescission because of a breach of warranty, a notice to the seller specifying defects, stated in the opinion, is *held* to have been sufficient.

4. In an action to recover the price of an engine upon a rescission because of a breach of warranty, the court submitted to the jury questions whether an expert, sent thirteen days after notice by the buyer of the defective condition of the engine, was sent within a reasonable time; whether the engine complied with the warranty; and whether within a reasonable time thereafter the defendant remedied the defects or offered to do so. *Held*, there being credible evidence to support findings in plaintiff's favor, that such findings should not be disturbed.

5. In an action to recover the price of an engine it appeared, among other things, that plaintiff had refused to accept the engine and rescinded the contract as soon as he discovered that the engine was not in compliance with the warranty under which it had been sold.   *Held*, that plaintiff was within his rights, and that defendant could not avoid the rescission on the ground that the contract was executed.

6. In an action to recover the price of an engine upon a rescission because of a breach of warranty, it appeared, among other things, that the plaintiff returned the engine to defendant's agents through whom the sale had been made.   The defense as to the sufficiency of the return was not based upon the failure to return to the proper place, but the right to return at all.  *Held*, under the evidence, stated in the opinion, that the return to the agents was sufficient.

7. In such case there could be no waiver of the breach of warranty predicated on failure to render friendly assistance and co-operation and opportunity for a test, where, at the time the test was proffered, the sale had already been rescinded and the

engine returned, and the jury found that the test had not been seasonably proffered.

8. In an action to recover the price of an engine upon a rescission because of breach of warranty, it is not error to admit in evidence the order for the purchase of the engine, where the correspondence, as well as the delivery of the engine upon such order, showed an acceptance of the order.

9. It is not prejudicial error to permit a witness to answer a question as to his authority as agent where, though the answer was a conclusion, the evidence without the answer showed that the witness was such agent.

10. It is not error to refuse cross-examination of a witness where he is afterwards permitted to testify fully upon the subject.

11. In an action to recover the price of an engine on a rescission for breach of warranty it is not error to admit plaintiff's telegram: "Engine will not work—we shall return it to-morrow and demand our notes," sent after the engine had failed to comply with the warranty and after failure to send an expert to remedy the defects.

12. Plaintiff is not bound by the answer of the agent of the adverse party simply because called as a witness for the plaintiff.

13. It is not error to admit in evidence a copy of a telegram without previous notice to produce the original, where counsel for the objecting party states that his client did not have the original and never received such telegram.

14. It is not error to refuse to submit with a general verdict special questions where there was no request for a special verdict.

15. In an action to recover the price of an engine upon a rescission because of breach of warranty, it is not error to refuse to instruct the jury "that the defendant was not bound to teach the plaintiff how to start or operate the engine," there being no evidence in the case to which the instruction was applicable.

16. No error can be predicated on the language used by the court in the charge to the jury, where an examination of the charge shows that the language is hardly capable of the meaning ascribed, and in other parts of the charge the jury were fully and properly instructed on the subject.

APPEAL from a judgment of the circuit court for Dunn county: E. W. HELMS, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff to recover the purchase price of a gasoline engine and freight charges upon rescission of contract of sale because of alleged breach of war-

ranty. The plaintiff claims to have purchased the engine from defendant, a Minnesota corporation doing business at Minneapolis, through its agents, Wright & Thum, implement dealers at Menomonie, Wisconsin. The contract of purchase was in the form of a written order given by the plaintiff and one John Brehm, ordering from the defendant in care of Wright & Thum, agents, the engine in question. On receipt of the order by defendant it shipped the engine, and the same was delivered to the plaintiff by Wright & Thum, agents of defendant. The plaintiff by the terms of the order promised to pay for the engine $253, and to execute and deliver to defendant two notes for said amount, one due November 1, 1903, and the other November 1, 1904, for $126.50 each. After delivery of the engine plaintiff claimed it was not in compliance with the warranty, and that the defendant failed to remedy defects. Plaintiff returned the engine to Menomonie, and afterwards commenced this action to recover the purchase price which he had formerly paid to defendant. The action is based upon rescission. The defense set up is that defendant sold the engine to Wright & Thum and they sold to plaintiff and one John Brehm, also denial that the engine failed to fill the warranty, and averment that plaintiff broke the conditions of the warranty and thereby waived his rights thereunder. The action was tried by the court and a jury, and a general verdict found for the plaintiff. Judgment was rendered on the verdict in favor of the plaintiff and against the defendant, from which this appeal was taken.

*Charles S. Cairns,* for the appellant.

For the respondent there was a brief by *Bundy & Varnum,* and oral argument by *R. E. Bundy.*

KERWIN, J. The order of purchase provides, in effect, that it was given subject to the acceptance of defendant, and further, under the head of "warranty," provides that the article sold shall be made of good material, well constructed, and

Kohl v. Bradley, Clark & Co. 130 Wis. 301.

with proper use and management capable of doing well the work for which it is made and sold, and, if it fail in any respect to fill the warranty, written notice shall be given immediately by the purchaser to defendant at Minneapolis, Minnesota, by registered letter, stating particularly wherein it fails to fill the warranty and a reasonable time allowed to get to the machine with skilled workmen and remedy the defect, if any, and, if the defect be of such a nature that remedy cannot be suggested by letter, the purchaser to render all necessary and friendly assistance and co-operation for a fair test and trial by the company's experts.

The principal contentions of defendant are (1) that sale was not from defendant to plaintiff, but from Wright & Thum to plaintiff; (2) that there was a defect of parties plaintiff, John Brehm, who signed the contract, being a necessary party; (3) that the engine complied with the warranty; (4) that no notice was given in compliance with the warranty; (5) that no rescission could be had because the contract was executed. Defendant also assigns thirty-two errors alleged to have been committed by the court.

1. We think the evidence clearly shows that the sale was made by defendant. The order was a written order upon the defendant for the engine, signed by plaintiff and John Brehm, directing defendant to furnish the signers of the order the engine in care of Wright & Thum, agents at Menomonie, which order contained the terms of sale and warranty. This order was accepted by defendant, and the engine delivered through Wright & Thum. When the order was accepted the contract between plaintiff and defendant was closed. It was clearly a contract with defendant, and not with Wright & Thum. The evidence also shows clearly that Brehm merely signed as surety for plaintiff, and had no other interest. The plaintiff paid the notes given for the engine and the freight charges, and is the real party in interest. Therefore the action was properly brought in his name.

2. The main controversy in the case is that the engine satisfied the warranty, and that plaintiff failed to give it a fair trial. It is insisted by. counsel for defendant that there is no evidence to support the verdict upon this proposition; that the evidence shows the engine did not receive proper use and management; that the treatment was such in making the test as to flood the engine with gasoline; and that failure to work properly was caused by such improper management and not because of defects in the engine. True, defendant offered evidence tending to prove its contention, and there is a sharp conflict in the evidence, much of it tending to support the claim that the engine was in compliance with the warranty. But the record shows considerable effort on the part of plaintiff to make the engine do the work it was warranted to do. Wright & Thum attempted to make it perform the warranty, and took to their assistance Christ. Hardy and C. Anderson. It is argued that Wright & Thum were not agents of defendant to operate the engine. Without determining whether this be true or not, Wright & Thum, who were the agents of defendant for some purposes at least, made an effort to operate the engine and failed. Manifestly they took an interest in getting it to work properly, but did not get satisfactory results, and finally concluded they could not make it comply with the warranty. They, with the assistance of Hardy and Anderson, failed to make it work, though several attempts were made to do so. The evidence shows that Hardy and Anderson had had considerable experience in operating gasoline engines, and obviously they were selected by Wright & Thum because of their competency. Thum, of the firm of Wright & Thum, had the engine taken to the foundry and repaired, but still it failed to work. The defendant urges that no sufficient test of the engine was made. Wright & Thum, however, set it up and started it, but failed to make it comply with the warranty, although they called to their aid men whom they regarded competent and who the evidence shows were

competent. The engine was warranted to do well the work for which it was made and sold, and we think there is ample evidence to support the verdict that it did not comply with the warranty.

3. It is insisted that no sufficient notice was given to defendant. Plaintiff notified defendant by letter December 13th that the engine was not running satisfactorily; that it would not run at all except for a little while at a time; that he had been able to saw only at the rate of two or three cords per day; that he was not able to say why it did not work, but that it did not, and asked defendant to send an expert at earliest convenience to find out what the trouble was. Plaintiff further stated in the letter: "Your agents attempted to make it run, but failed. It runs dry, and does not have power sufficient to run a saw." It is obvious from the evidence that the plaintiff gave as specific notice as he was able. He could not specify more particularly the defects because he did not know. The notice was sufficient. *Nichols & S. Co. v. Charlebois,* 10 N. Dak. 446, 88 N. W. 80. December 18, 1902, defendant replied to this notification, but refused to send an expert except at the expense of plaintiff. December 23, 1902, plaintiff notified defendant by telegram that the engine would not work, and that he would return it the next day. In compliance with this telegram plaintiff did return the engine to Wright & Thum and they refused to receive it. So he left it in a shed one block from their place of business and notified them of such delivery, and assumed no further control of it. December 26th, thirteen days after plaintiff gave notice of defects, and after defendant had refused to send an expert, it sent one. At this time the engine had been returned, and plaintiff refused to co-operate in testing it, claiming the contract of sale had been rescinded. The court submitted to the jury the question of whether the expert was sent within a reasonable time, and also whether the engine complied with the warranty; also whether notice had

been given as required by the warranty; and whether within a reasonable time thereafter defendant remedied the defects or offered to do so. These questions of fact were found by the jury in favor of the plaintiff, and under the repeated decisions of this court, if there is any credible evidence to support the verdict, the findings cannot be disturbed.

4. It is also urged that the plaintiff could not rescind, because the contract was executed. The plaintiff refused to accept, and rescinded as soon as he discovered that the engine was not in compliance with the warranty. This he had the right to do. It is well settled in this court that for breach of warranty the purchaser of the article may rescind the sale and recover his damages. *Fairfield v. Madison Mfg. Co.* 38 Wis. 346; *Fisk v. Tank,* 12 Wis. 276; *Parry Mfg. Co. v. Tobin,* 106 Wis. 286, 82 N. W. 154.

Some point is made on the return of the engine, defendant claiming that the return should have been to Minneapolis; also that plaintiff waived the warranty by not co-operating with the expert and rendering friendly assistance December 26th. The return to Wright & Thum, agents of defendant and parties through whom the sale was made to plaintiff, was sufficient under the evidence. The defense here is not based upon the failure to return to the proper place, but the right to return at all.

On the question of waiver because of failure to render friendly assistance and co-operation and opportunity for test, it is sufficient to say that at the time this test was proffered the sale had already been rescinded and the engine returned. If the expert had not been seasonably sent, plaintiff had the right to rescind. This question was submitted to the jury and found in favor of plaintiff.

5. Thirty-two exceptions were taken to alleged errors committed by the court. The admission in evidence of the order for the purchase of the engine was proper. The correspondence received as well as the delivery of the engine upon such

order by the defendant showed an acceptance of the order. The question which plaintiff's witness Wright was permitted to answer over objection in regard to his authority as agent was not prejudicial. Though a conclusion, it was harmless, since without this answer the evidence clearly showed that the witness and his partner did represent the defendant. The refusal to allow cross-examination of Wright respecting starting the engine was not error, and, even if it were, it was cured, since he was afterwards permitted to testify fully upon the subject.

The admission of plaintiff's telegram offering to return the engine after it failed to comply with the warranty and no expert had been sent to remedy it was not error. It was competent to give notice to defendant that plaintiff claimed the engine did not comply with the warranty and that he would return it. It is claimed that it was not competent to contradict the witness Thum, defendant's agent, who had testified for plaintiff, and that the admission of such evidence was error. Plaintiff was not bound by the answers of the witness Thum simply because he had called him as a witness. *Smith v. Ehanert,* 43 Wis. 181.

Error is assigned because copy of telegram was admitted without notice to produce original. But it appears no notice was necessary because defendant's counsel stated defendant did not have the original and never received any such telegram.

Error is assigned because the court refused to submit to the jury one question, "Was the engine in suit, with proper use and management, capable of doing well the work for which it was made and sold?" The defendant did not ask for a special verdict, hence was not entitled to have such question submitted. *Fenelon v. Butts,* 53 Wis. 344, 10 N. W. 501; *Schatz v. Pfeil,* 56 Wis. 429, 14 N. W. 628; *McDougall v. Ashland S. F. Co.* 97 Wis. 382, 73 N. W. 327.

Error is assigned because the court refused to charge the

jury "that defendant was not bound to teach plaintiff how to start or operate the engine." There is no evidence in the case that defendant was bound to teach plaintiff how to operate the engine, and it was very proper for the court to refuse the instruction.

Error is assigned because of certain language used by the court in the charge respecting the plaintiff's right to rescind for breach of warranty and failure to remedy defects within reasonable time. It is claimed that this language amounted to telling the jury that the plaintiff was entitled to rescind because of breach of warranty. But an examination of the charge shows that the language is hardly capable of the meaning ascribed to it. Besides, in other parts of the charge the jury were fully and properly instructed upon the subject, and the question whether there was a breach of warranty fairly submitted to them.

Other errors assigned have received careful consideration, but we do not regard them of such importance as to merit special consideration. We think no reversible error was committed, and that there is sufficient evidence to support the verdict.

*By the Court.*—The judgment of the court below is affirmed.