Roe and another vs. Lincoln County and another.

*October 16 —. October 31, 1882.*

PLEADING: DEMURRER. *(1) When general demurrer not sustained. (2) Joint ownership, how alleged.*
EQUITY: VOID TAX. *(3, 4) Jurisdiction to prevent cloud on title: when exercised.*

1. However inartificially the facts may be presented by a complaint, or however defective, uncertain or redundant may be the mode of their statement, if a good cause of action can be gathered from it by a liberal interpretation a demurrer will not be sustained.
2. An allegation that "the plaintiffs are, and for several years past have been, the owners" of certain lands, clearly expresses their joint ownership of all of the lands.
3. The general jurisdiction of a court of equity to *prevent* or remove a cloud upon the title to land, threatened or existing, by reason of void assessment or taxation, is established.
4. Such jurisdiction may be exercised though the sale of the land has not taken place, and is not even advertised, but is only threatened. The tax itself is an apparent lien, and a cloud upon the title as soon as levied.

APPEAL from the Circuit Court for *Lincoln* County.

The complaint alleges that the plaintiffs "are, and for several years past have been, the owners" of certain lands

situated in Lincoln county and liable to taxation therein; that the defendant *Swinehart* is the county treasurer of said county and as such "is preparing his notice of sale of lands in said county for the taxes, interest and charges pretended to be due thereon for the year 1881, and has threatened and does now threaten that he will, on the first Monday in April, 1882, or soon thereafter, cause his notice of the sale of the lands in said county for the said taxes, interest and charges, including the plaintiffs' said lands, to be printed in a newspaper printed in his county, and has threatened, and does threaten, that he will " offer for sale and sell at public auction so much of the plaintiffs' said lands as shall be necessary to pay such pretended taxes, interest and charges, and that he will issue to the purchaser at such sale tax certificates in the form prescribed by the statute. It is further alleged that the assessments upon which the taxes are based were fraudulent, illegal and void, various frauds and irregularities being specified; that the plaintiffs' lands were not returned as delinquent by the town treasurer; and that the lands were not liable to taxation in the towns where they were assessed, and that neither of said towns was legally organized or had any legal existence. The prayer of the complaint is for a judgment that the taxes so assessed are illegal and unjust and that the defendants be perpetually restrained from collecting the same, and that the defendant *Swinehart* be, by injunctional order, restrained from advertising the plaintiffs' lands for sale and from causing any notice of such sale to be published.

A demurrer to the complaint upon four grounds (stated in the opinion) was overruled except on the third ground assigned, upon which it was sustained. The plaintiffs appealed from that part of the order which sustained the demurrer.

For the appellant there were briefs by *Jackson & Thompson*, and oral argument by *Mr. Jackson*.

For the respondent there was a brief by *T. C. Ryan*, dis-

trict attorney, with *George Curtis, Jr.*, of counsel, and oral argument by *Mr. Ryan:*

1. The complaint does not state a cause of action. The ground of interference by a court of equity in tax proceedings is that the proceeding casts a cloud upon the plaintiff's title, or that there is *imminent danger* of such a result. *Pier v. Fond du Lac*, 38 Wis., 470; *Judd v. Fox Lake*, 28 id., 583; Cooley on Taxation, 542; High on Injunctions, 348; *Dows v. Chicago*, 11 Wall., 108; *Bank v. Broome Co.*, 25 N. Y., 312. A cloud upon title is defined to be something which constitutes an apparent incumbrance or lien upon it, or defect in it. Cooley on Taxation, 542; *Detroit v. Martin*, 34 Mich., 170; *Thomas v. Gain*, 35 id., 155. If a tax proceeding is apparently void, it cannot constitute a cloud. *Milwaukee Iron Co. v. Town of Hubbard*, 29 Wis., 51; *Judd v. Fox Lake*, 28 id., 586. The complaint shows the tax proceedings to be void on their face. The tax certificates, if issued, can only be supported as such by the record of the proceedings. They are not, alone, *prima facie* evidence of the tax proceedings, nor do they constitute a separate part of the proceedings; and standing alone they cannot be a cloud. *Manseau v. Edwards*, 53 Wis., 457. See *Curtis v. East Saginaw*, 35 Mich., 508; *Heywood v. Buffalo*, 14 N. Y., 534; *Scott v. Underdook*, id., 14. The action is not brought under sec. 3186, R. S. *Wals v. Grosvenor*, 31 Wis., 681. A bill *quia timet* will not lie where the proceeding sought to be enjoined is void upon its face. *Shepardson v. Milwaukee Co.*, 28 Wis., 108; *Peirsoll v. Elliott*, 6 Pet., 95; 2 Story's Eq. Jur., sec. 700*a; Moore v. Cord*, 14 Wis., 213. The proceedings being void upon their face, there can be no cloud until something is done which will create a presumption of their validity. Neither the advertisement, sale, nor certificate of sale are by law made presumptive evidence of the validity of prior proceedings. The deed is such evidence,

but the complaint does not allege that there is danger of a deed being issued, and the facts alleged raise a presumption to the contrary. It will be presumed that the treasurer will obey the law, not that he will violate it. R. S., secs. 1130, 1135; Cooley on Taxation, 544. And a court of equity will not interfere to prevent a cloud unless it appears to be *necessary*. *Hoag v. Rathbun*, Clark Ch., 12; *Sanders v. Yonkers*, 63 N. Y., 489; *Munson v. Munson*, 28 Conn., 582. The plaintiff should call the officer's attention to the statute and the records and point out to him the reasons why he should not sell. Where a party can himself prevent a threatened injury he should not resort to the courts; and where there is reasonable ground for the belief that he can, by a proper effort, prevent the injury, he should be required to make the effort. This is the rule governing the issuance of writs of *mandamus*. Moses on Mandamus, 176; Redfield on Railways, 441, note 5. 2. Owners in severalty cannot join in an action to enjoin a tax sale. *Barnes v. Beloit*, 19 Wis., 93; *Howland v. Supervisors*, id., 247; *Newcomb v. Horton*, 18 id., 566; *Peck v. School District*, 21 id., 516.

ORTON, J. The defendants demurred to the complaint on the grounds: (1) For want of jurisdiction of the subject matter; (2) that the plaintiffs are improperly joined; (3) that several causes of action are improperly joined; and (4) that the complaint does not state a cause of action; and the demurrer was sustained upon the third ground alone. The learned counsel of the respondents, in this court, relies upon all the four grounds of demurrer stated therein, as he has a right to do. The second and third grounds of demurrer rest upon the same general allegation of the ownership of the lands, a cloud upon the title of which is threatened by illegal and fraudulent tax proceedings, and the contention is that the complaint alleges the land to be owned by the plaintiffs in severalty.

The allegation of ownership is that " the plaintiffs are, and for several years past have been, the owners," etc.   If there is a mere ambiguity or uncertainty in this allegation, and it may mean either that the lands are owned in common or in severalty, then the proper practice is to move to have the complaint made more definite and certain in this respect, and a demurrer will not lie.   " When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." Sec. 2683, R. S.; *Markwell v. Supervisors,* 10 Wis., 73; *Clark v. Langworthy,* 12 Wis., 441; *Kuehn v. Wilson,* 13 Wis., 104; *Morse v. Gilman,* 16 Wis., 504.

But however inartificially the facts may be presented by the complaint, or however defective, uncertain, or redundant may be the mode of their statement, if a good cause of action can be gathered from it by a liberal interpretation, a demurrer to it will not be sustained.   *Flanders v. McVickar,* 7 Wis., 372; *Morse v. Gilman, supra; Williams v. Sexton,* 19 Wis., 42.   We think the most that can be claimed, in respect to this allegation of the complaint, must be subject to these two principles, for most certainly it cannot be reasonably claimed that this averment means that the lands are owned in severalty, and in no other manner.   But why is not this form of allegation by several plaintiffs to express an ownership of all the lands in common by them strictly correct, and how could it more clearly express such joint ownership?   If the plaintiffs together own all of the lands, then they own together each tract or parcel thereof.   If the plaintiffs own any tract or parcel of the lands in severalty — that is, if one of them own one tract or parcel, and the other another tract or parcel,— then certainly they do not own both tracts or parcels together, or the whole body of the lands together.   So, if the plaintiffs — both of them — own all of the lands, as is alleged, they cannot own any tract or parcel thereof in severalty.

But how otherwise could or should their joint ownership be expressed? Must it be by stating that they own as tenants in common, or as joint tenants in partnership or coparcenary? Such allegation would be a mere legal conclusion, and would not help out an imperfect averment of joint ownership in the first place. We cannot readily apprehend how this averment could have been made to more clearly express the joint ownership of all the lands. This objection to the pleading is not even technical, much less substantial.

The general jurisdiction of a court of equity to prevent or remove a cloud upon the title of real estate, threatened or existing, by reason of void assessment or taxation, has been too long established by the numerous — far too numerous — decisions of this court, to be again raised in any case. If any question can ever be considered settled beyond dispute, this is one. After the following language of Mr. Justice PAINE twenty years ago, in *Mitchell v. Milwaukee*, 18 Wis., 92, it was well hoped the question would remain at rest. He said: "But the doctrine *has long been settled in this state* that a court of equity will interfere to prevent a cloud on the plaintiff's title when his lands are *threatened to be sold* upon a void tax or assessment." The other and the general ground of demurrer, that the facts stated do not constitute a cause of action, because the sale of the lands has not taken place, and is not even advertised and is only threatened, is disposed of by the same line of decisions. It is for the *threatened* mischief that the suit is brought, to *prevent* rather than to *remove* the cloud upon the title. If courts of equity have jurisdiction in any class of cases of this general character, it would seem to be more appropriate to *prevent* than to *remove* such a lien, cloud, or incumbrance on the title to lands. It would be a violation of the old adage, as well as the principle of equity requiring diligence of those seeking its aid, to wait and lie by until the threatened mischief has been accomplished, and the rights of third persons have intervened, be-

fore asking its protection. The language of Mr. Justice PAINE in the above case, " when his lands are *threatened to be sold*," which was applicable to the facts of that case, is especially pertinent to the facts of this case. Here the tax has been assessed and levied, and placed upon the tax roll, and returned unpaid or delinquent, and the sale of the lands, upon which it is an apparent lien, is threatened.

In the case of *Judd v. Town of Fox Lake*, 28 Wis., 583, the tax had been only ordered to be raised by a resolution of the town meeting, and the suit was brought to restrain the town from carrying the resolution into effect. It was held not to lie at such a stage of the proceedings, as such an interposition of a restraining order might prevent the very first step towards taxation from being taken by the taxing officers; and the case of *Peck v. School District*, 21 Wis., 516, was distinguished, because in that case an illegal contract had been entered into which imposed an apparent burden upon the district, which must be raised by taxation, and a tax had been actually levied for that purpose, and its collection threatened by a sale of personal property. Chief Justice DIXON said in that case: " We are of opinion that the collection of the taxes in such a case may be stayed by injunction, as a proper subsidiary ground of relief; " and while refusing to grant relief in the case of the void resolution, standing alone, Chief Justice DIXON said in the opinion: " Should the officers of the town *attempt* to carry the resolution into effect, *and assess a tax wholly unauthorized and illegal*, . . . and if the same be extended against the real estate, they will also have their suit in equity to remove the supposed *lien* and cloud upon the title."

In this connection the statute may well be cited to show the ground of jurisdiction in such a case. By sec. 1088, R. S., " all taxes levied upon any tract of land, and all costs, charges and interest thereon, shall be a *lien* thereon until paid." The tax itself is therefore an apparent *lien* and

a cloud upon the title as soon as levied, which may be removed by a court of equity. Much more may a court of equity intervene and remove such cloud, and prevent another and a denser cloud upon the title by the sale of the lands which is threatened. To remove one and prevent the other, when threatened, would seem to be the clear and unquestioned jurisdiction of a court of equity. In this view the learned circuit judge fully concurred, by overruling this as a ground of the demurrer, together with that resting upon the want of jurisdiction, and by sustaining the demurrer on the ground of an improper joinder of causes of action alone. But we have been compelled to consider all of the grounds of demurrer, because they were all urged in this court for the purpose of sustaining the demurrer and the order of the circuit court.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law and the rules of equity