DOCTER and another, Appellants, vs. FURCH and others, Respondents.

*November 9 — November 26, 1895.*

*Vendor and purchaser of land: Specific performance: Laches: Increase in value: Litigation of claim to abatement in price: "Good faith."*

1. Vendees in a contract for the sale of a tract of land, who refused to accept and pay for the same except on condition that a large reduction be made from the agreed price on the ground that the number of acres in the tract was less than that mentioned in the contract, and who, for nearly five years thereafter, carried on litigation to compel a conveyance of the land to them upon payment of such reduced price, cannot, after being defeated in such litigation, compel a conveyance to them, even upon payment of the full purchase price, especially where the land has in the meantime greatly increased in value.

2. It being determined in such litigation, and being *res adjudicata*, that all the parties to the contract, at the time of its execution,

Docter and another vs. Furch and others.

understood that it was for the sale of a certain tract of land with well-defined boundaries and for the gross price named, irrespective of the number of acres in the tract, the vendees are not aided, in their final attempt to compel a conveyance upon payment of the full price, by a finding to the effect that all the litigation on their part had been "in good faith," and that their faith and belief was founded on the advice of counsel predicated on statements made by them to such counsel of the facts to which they had testified, which statements, however, were found to be untrue.

APPEAL from a judgment of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Affirmed.*

On July 14, 1885, Caroline Hellberg was the owner in fee and in possession of the land in question, and on that day she executed and delivered to the plaintiffs a written instrument, of which the following is a copy:

[Exhibit A.]

"Received of Messrs. *Jacob Katz* and *Adolph Docter* the sum of One hundred Dollars as part purchase money for 49 acres of land, with buildings and improvements thereon, situated in the Town of Wauwatosa, state of Wisconsin. Said described property being the same now occupied by me. Whole amt. of said purchase money is Twenty Thousand and three hundred Dollars. At the delivery of a warranted, perfect Deed, Two Thousand Dollars to be paid cash. The balance of Eighteen Thousand Three hundred Dls. payable in ten years from date of deed, with 4½% (four and one half %) interest. Said Property situated in Town of Wauwatosa, and at present occupied by me & I promise to deliver Deed in six weeks. Above Amount included also all the two horses, wagons, and all the farmer Machienerie and Tools, etc., etc.

"*Dated July 14, 1885.*          CAROLINE HELLBERG.

"Witness: LUCY TOOLE, ANDREW SCHNEIDER."

On April 29, 1886, the said Caroline died intestate, leaving, her surviving, as her only heirs at law, the defendants herein, who are each and all her children, except *Fritz Furch*, who is the husband of the defendant *Amelia Furch*.

The plaintiffs commenced this action, and by the complaint as finally amended, July 21, 1890, ask that said written agreement (Exhibit A) be specifically performed by the defendants, by executing and delivering to them a warranty deed of said premises, free from any and all incumbrances, upon the payment to the defendants of the sum of $1,900, and such sum as the court should find that the defendants are justly and equitably entitled to by way of compensation for the delay, and a purchase-money mortgage.

The answer to said amended complaint consists, in effect, of admissions, denials, and counter allegations, and, among other things, alleges in effect that the purchase price named in said written instrument was unfair and inadequate; that the land was worth $80,000; that said Caroline tendered a deed, as required by said writing, August 25, 1885, upon payment and security as therein required, but that the plaintiffs refused to perform the contract; that thereupon said Caroline tendered back the $100 paid by the plaintiffs, with interest; that the plaintiffs had continuously refused to perform said contract down to May 27, 1890; that they had been guilty of gross laches and delay in offering performance, as well as in bringing the action; and that the plaintiffs were barred by prior adjudications.

At the close of the trial and hearing the trial court found, as matters of fact, in effect: (1) That at the time of the execution of Exhibit A the land mentioned was occupied by said Caroline, and had clearly defined boundaries, well known to or easily observable by the plaintiffs; that all the parties at the time understood that it was for the sale of the lands so occupied and bounded, for the gross price named in the contract, irrespective of the number of acres of such land. (2) That any statement made by the said Caroline to the plaintiffs, before or at the execution of Exhibit A, as to the quantity of said land, was merely incidental, and by way of description or estimation, and without any intent on her

part to warrant or guaranty that said land contained forty-nine acres or any other number of acres; that neither of the plaintiffs ever had any reasonable ground for relying on any such statement as a guaranty or warranty of quantity. (3) That August 25, 1885, the said Caroline duly tendered to the plaintiffs full performance on her part of said contract, which tender they then and there refused and rejected, and refused to accept any deed of said land, or to pay or secure the unpaid price thereof, unless she would deduct therefrom the sum of over $5,000, because the quantity of said land was less than forty-nine acres; that thereupon the said Caroline duly tendered to the plaintiffs the $100 so received by her on said contract, with interest, which tender the plaintiffs also refused and rejected. (4) That from August 25, 1885, the plaintiffs refused and neglected to perform or offer to perform said contract on their part, until May 27, 1890, and from September 5, 1885, to May 27, 1890, continuously sought to compel said Caroline and her heirs to convey the land for over $5,000 less than contract price thereof. (5) That between August 25, 1885, and May 27, 1890, the value of said land increased from about said contract price to at least $90,000, and its value at the time of said trial was at least $100,000. (6) That said Exhibit A was recorded by the plaintiffs July 14, 1885. (7) That the value of the land, as fixed by the parties in Exhibit A, was not founded upon its usefulness or adaptability for farming or agricultural purposes, but upon its proximity to the city of Milwaukee, and its prospective demand and use as city real estate, for commercial and other purposes. (8) That since July 14, 1885, the said Caroline or her heirs have been continuously in possession of said land, and paid all the taxes thereon. (10) That since before the commencement of this action defendants have at all times repudiated said contract and refused to perform it, and have treated it as rescinded and abandoned because of the plaintiffs' refusal and neglect to per-

form it according to its terms. (11, 12) That from the summer of 1885 the plaintiffs have in good faith litigated with said Caroline and these defendants the rights as claimed by them in said property, and in all such litigation have, in good faith and without laches, asserted their rights to the property, for the purpose of obtaining a specific performance of said contract in accordance with the true intent and meaning thereof, as claimed by them, or as might be determined by the court. (13) That the faith and belief with which the plaintiffs so litigated was founded on the advice of counsel, which advice was predicated on statements made by the plaintiffs to said counsel of the same facts testified to by them on the former trial hereof, and alleged in their complaint herein.

And as conclusions of law the court found: (1) That the plaintiffs' refusal to perform the contract for the sale of said land defeats their right to a specific performance of said contract. (2) That the plaintiffs' delay to perform or offer to perform said contract according to its terms, together with the increase in the value of said land during said delay, precludes a judgment of specific performance in their behalf. (3) That the defendants are entitled to judgment dismissing this action without costs to either party.

From the judgment entered accordingly the plaintiffs appeal.

For the appellants there was a brief by *Flanders & Bottum,* and oral argument by *J. G. Flanders* and *W. K. Gibson.* They contended, *inter alia,* that not only are the acts of good faith and absence of laches correctly found by the circuit court, but as matter of law the plaintiffs are not chargeable with such laches as would defeat their right to specific performance, even if laches were imputable to them. *Denton v. White,* 26 Wis. 679; *Hall v. Delaplaine,* 5 id. 206; *Palmer v. Williams,* 24 Mich. 334; *Palmer v. St. Paul F. & M. Ins. Co.* 44 Wis. 208; *Reed v. Jones,* 8 id. 392, 413. The

contract between the plaintiffs and Caroline Hellberg called
for the payment of $20,300 for forty-nine acres of land.
Plaintiffs paid $100 down. There was in fact only about
thirty-two and a half acres. When this fact was made to
appear the plaintiffs were entitled to an abatement of the
contract price, unless the vendor by proof could negative the
presumption arising from the written agreement. The bur-
den of proof was upon her to show that she was entitled to
$20,300 for thirty-two and a half acres. So long as this re-
mained an undetermined question in the courts, laches could
not be imputed to the plaintiffs. Pomeroy, Spec. Perf. 442;
*Decamp v. Feay*, 5 Serg. & R. 323; *Hepburn v. Auld*, 5
Cranch, 262; *Kercheval v. Swope*, 6 Mon. 362; *Farris v. Ben-
nett's Ex'rs*, 26 Tex. 568. Where time is not of the essence
of the contract, mere increase in value of the land during a
delay in complying therewith will have no effect upon the
right of either party to compel specific performance. *Young
v. Wright*, 4 Wis. 144; *Day v. Hunt*, 112 N. Y. 191, 195;
Pomeroy, Spec. Perf. § 404; *Brewer v. Herbert*, 30 Md. 301;
*Low v. Treadwell*, 12 Me. 441, 451, 452; *Austin v. Wacks*, 30
Minn. 335, 341.

For the respondents there was a brief by *O. J. Fiebing*,
attorney, and *Geo. G. Greene*, of counsel, and oral argument
by *Mr. Greene.* They argued, among other things, that
agricultural lands in the country are of stable value and
hence, in contracts for their sale, time is not of the essence
unless so stipulated. Mining or other lands in the country,
which are of inconstant value, and lands in or near cities,
where value depends on municipal growth and commercial
demand, are within the rule that time is made of the essence
by the subject matter. *Hipwell v. Knight*, 1 Younge & C.
401, 416; *Carter v. Phillips*, 144 Mass. 100; *McCay v. Car-
rington*, 1 McLean, 50; *Goldsmith v. Guild*, 10 Allen, 239;
*Richmond v. Gray*, 3 id. 25; *Hoyt v. Tuxbury*, 70 Ill. 331,
339; *Edwards v. Atkinson*, 14 Tex. 373; *Pillow v. Pillow's*

*Heirs,* 3 Humph. 644; *Kirby v. Harrison,* 2 Ohio St. 326; *Jennisons v. Leonard,* 21 Wall. 302; 1 Warvelle, Vendors, 108; Fry, Spec. Perf. (2d Am. ed.), § 713; 22 Am. & Eng. Ency. of Law, 1054–1058. If time was not originally of the essence of the contract it became so by the vendor's demand for performance at the time fixed. *Kirby v. Harrison,* 2 Ohio St. 326; *Carter v. Phillips,* 144 Mass. 100. Delay alone unless excused may defeat specific performance. *Haughwout v. Murphy,* 21 N. J. Eq. 118, 122; *Finch v. Parker,* 49 N. Y. 1; *Page v. McDonnell,* 55 id. 299; *Alexander v. Hoffman,* 70 Ill. 114; Fry, Spec. Perf. §§ 730, 732, 736; Pomeroy, Spec. Perf. § 403. The concurrence of long delay and substantial change in value bars the party in default from right to specific performance. *Combs v. Scott,* 76 Wis. 662; *Cheney v. Cook,* 7 id. 413; *Bacon v. Hennessey,* 35 Fed. Rep. 174; *Rogers v. Van Nortwick,* 87 Wis. 414; *Simpson v. Atkinson,* 39 Minn. 238; *Peters v. Delaplaine,* 49 N. Y. 362; *Delavan v. Duncan,* id. 485; *Merchants' Bank v. Thomson,* 55 id. 16; *Du Bois v. Baum,* 46 Pa. St. 537; *Ruff's Appeal,* 117 id. 310; *Hoyt v. Tuxbury,* 70 Ill. 331; *Requa v. Snow,* 76 Cal. 590; *Johns v. Norris,* 22 N. J. Eq. 102; *Brashier v. Gratz,* 6 Wheat. 528; *Holgate v. Eaton,* 116 U. S. 33, 40; *Ford v. Euker,* 86 Va. 75; 2 Warvelle, Vendors, 758; Pomeroy, Spec. Perf. § 409; *Morse v. Seibold,* 147 Ill. 318; *Barnard v. Lee,* 97 Mass. 92. The appellants not only failed but refused to perform, not only at the time fixed by the contract but for five years thereafter. Such refusal bars their right to specific performance. *Pyatt v. Lyons,* 51 N. J. Eq. 308; *Boyd v. Schlesinger,* 59 N. Y. 301; *Eshleman v. Henrietta V. Co.* 97 Cal. 670; *Weingærtner v. Pabst,* 115 Ill. 412; *Clark v. Koenig,* 36 Neb. 572; *Datz v. Phillips,* 137 Pa. St. 203; *Goldthwait v. Lynch,* 9 Utah, 186; *Emrich v. White,* 102 N. Y. 657; *Campbell v. Hicks,* 19 Ohio St. 433; *Simpson v. Atkinson,* 39 Minn. 238; *Lewis v. Woods,* 34 Am. Dec. 110; *Clement v. Evans,* 15 Ill. 92; 2 Warvelle,

Vendors, 776; Fry, Spec. Perf. 365; *Jones v. Wittner*, 79 Hun, 283; *Haffey v. Lynch*, 68 id. 507. Misconstruction of such a contract and resort to litigation to enforce the mistake do not excuse refusal and failure to perform it. *Boyd v. Schlesinger*, 59 N. Y. 301; *Page v. McDonnell*, 55 id. 209; *Bacon v. Hennessey*, 35 Fed. Rep. 174; *Emrich v. White*, 102 N. Y. 657; *Simpson v. Atkinson*, 39 Minn. 238; *Eshleman v. Henrietta V. Co.* 97 Cal. 670.

CASSODAY, C. J.   This is the third time the performance of the written contract of July 14, 1885, whereby Caroline Hellberg agreed to convey her homestead to the plaintiffs, has been before this court.   August 13, 1885, the plaintiffs notified the said Caroline, in writing, to the effect that, if the land mentioned contained less than forty-nine acres, then they thereby offered to pay her such proportion of the purchase price as the number of acres actually contained in the premises bore to the forty-nine acres, and insisted upon the fulfilment of the contract on that basis, and in case of her neglect or failure to comply therewith they would take steps to enforce such performance.   The court finds by the third finding mentioned in the foregoing statement that August 25, 1885, and within the six weeks mentioned in the contract, the said Caroline tendered full performance of the contract on her part, and the plaintiffs refused to accept such performance, except on condition that there should be a deduction of more than $5,000 from the purchase price, and upon such refusal being made the said Caroline tendered back the $100 they had paid her, and interest.   September 5, 1885, the plaintiffs commenced an action against the said Caroline, alleging, in effect, that there were only thirty-two and one-half acres of the land, and insisted upon a conveyance of the premises upon paying and securing to be paid at the rate of $414.28 per acre, which was more than $6,500 less than the purchase price.   The defendant Caroline answered the com-

plaint in that action upon the merits.   On the trial of that action the court sustained a demurrer *ore tenus* to the complaint, on the ground that it stated no cause of action, and the judgment thereon dismissing the complaint was affirmed by this court March 16, 1886.   *Docter v. Hellberg*, 65 Wis. 415.

It is said in the opinion in that case: " The agreement does not purport to be for the conveyance of forty-nine acres from a larger tract.   The number of acres mentioned in the agreement purports to be descriptive, but in no way aided the description.   The agreement was simply to convey the land then occupied by the defendant,— nothing more.   If the land so occupied did not contain as many acres as mentioned in the agreement, then such mention, to the extent of the deficiency, was a false assertion.   Assuming it to have been false, yet as it in no way aided the description, and the land was otherwise sufficiently described, it cannot frustrate the agreement."   The opinion then suggests, as the most serious question in the case, whether such mention of forty-nine acres was to have the effect of a written guaranty or covenant that the farm so occupied did in fact at the time contain that number of acres,— citing a few of the numerous cases on both sides of that question.   It is then said: " It may be doubtful whether an agreement to convey is of any broader significance than the covenants of warranty in such a deed.   Upon this demurrer *ore tenus* we do not feel called upon to determine the question suggested, as the case may, upon final hearing, disclose a different state of facts.   We may *assume for the purposes of this case* that the law is the other way, and that the agreement in writing was a guaranty that the land therein described contained the number of acres therein mentioned, and that the plaintiffs are entitled to a conveyance of the land owned, and an abatement from the purchase price by reason of the deficiency, as indicated in the authorities."   The opinion then undertakes

to state the rule for such deduction in case of such deficiency, on such assumption as to the law, but, by some inadvertence, stated the rule inaccurately, as is manifest from inspection; and the same was fully explained and corrected in *Semple v. Whorton*, 68 Wis. 636, 637; *Docter v. Furch*, 76 Wis. 161. The opinion concludes: " The plaintiffs, having failed to allege performance or tender of performance on their part, *even upon the assumption indicated*, are in no position to enforce performance upon the part of the defendant." *Docter v. Hellberg*, 65 Wis. 424.

Thus, the plaintiffs were judicially informed by this court, within seven months after they had absolutely refused to perform the contract according to its true construction as subsequently adjudged by this court, that their claim to any reduction from the contract price was doubtful and based upon a proposition of law upon which courts were divided, and that they were not entitled to a " conveyance upon the arbitrary conditions proposed in the complaint," nor upon any conditions other than those prescribed in the contract as the same should eventually be construed by the courts.

A little over a month after that decision, Caroline Hellberg died, May 4, 1887, and more than thirteen months after that decision, and nearly two years after such refusal to perform the written contract so made, the plaintiffs commenced this action against these defendants, not to enforce the contract so actually made, nor as it should be eventually construed by the courts, but to force the defendants to perform a different contract, and one resting partly in parol, which they claimed to be the legal effect of the one actually made. The original complaint, and the same after being amended by leave of the court, July 12, 1888, alleged, among other things, in effect, that at the time of making the written contract, July 14, 1885, and previously, the said Caroline Hellberg, then in her lifetime but since deceased, falsely stated and represented to the plaintiffs that the land therein

mentioned contained forty-nine acres, and that the plaintiffs, fully believing and relying upon such statements and representations, made said contract, and insisted upon the conveyance being made upon their paying and securing the payment of the purchase price named in the contract, after deducting therefrom such proportionate amount of between six and seven thousand dollars, by reason of such alleged deficiency; and the trial court held in favor of the plaintiffs on that theory. *Docter v. Furch*, 76 Wis. 155–158. On the appeal from that judgment, this court, after holding, in effect, that the determination of the former appeal merely held that the complaint failed to state a cause of action, and hence was no bar to this action (76 Wis. 160–162), carefully reviewed the evidence in the record, and in effect reached the conclusion that there was "very serious doubt whether Mrs. Hellberg ever stated to the plaintiffs, or either of them, that the farm contained forty-nine acres of land;" that, "assuming that she did, still we are satisfied that such statement, if made at all, was merely incidental and by way of description or estimation of the farm, and without any intent or purpose to agree or guaranty that it in fact contained that number of acres. Assuming that she did so casually make such statement, still we are convinced, by a clear preponderance of the evidence, weighed in the light of all the circumstances and probabilities in the case, that neither of the plaintiffs ever had any reasonable ground for relying upon any such statement, and hence that neither of them ever acquired any right, in law or in equity, to an abatement by reason of such reliance. The result is that the plaintiffs are entitled to no abatement from the amount of the purchase price named in the contract, unless they are entitled to it, as a matter of law, from the mere recital of the number of acres in the contract itself." 76 Wis. 162–168. We then held, upon authorities and reason, that the plaintiffs were not entitled to any abatement from the purchase price named in the contract.

76 Wis. 168–171. Accordingly the judgment was reversed and remanded at first "for further proceedings according to law."

Thereupon counsel for the plaintiffs moved for a reargument on the ground that this court had "failed to make a final disposition of the case and to direct the circuit court to enter such a decree as" they were entitled to, and, in effect, offered to pay the purchase price named in the contract, without any deduction. In reply, counsel for the defendants contended that such offer to perform the contract, so made in that motion, was the first time in the history of this litigation that any such offer had been made, and that it was an attempt thereby to bring before this court a new case, in respect to which no issue had been made, and hence which presented no opportunity for defense. This court took that view of the case, and so, without changing the effect of the mandate, made the same more explicit by directing the dismissal of the complaint unless the trial court, in its discretion, should grant leave to amend the complaint as indicated. 76 Wis. 171.

That decision was made March 18, 1890. On May 27, 1890, the plaintiffs applied to the trial court for leave to amend the complaint by offering therein to pay, and to secure to be paid, the full contract price without any abatement, and such leave was granted by the trial court June 21, 1890; and the contention of the plaintiffs is now based upon that complaint as so amended. The defense is, in effect, such refusal to perform the contract August 25, 1885, the great increase in the value of the property, and the conduct of the plaintiffs as indicated.

It seems to be conceded that the evidence on this last trial is substantially the same as on the former trial. The trial court on this last trial found, in effect, as this court had previously found, that the claim of the plaintiffs that they had been induced to make the contract by the false statements

and representations of Mrs. Hellberg as to the number of acres was unfounded and untrue; that the land in question "had clearly-defined boundaries, well known to or easily observable by the plaintiffs," and "that all the parties to said contract, at the time of its execution, understood that it was for the sale of the land so occupied and bounded for the gross price named in the contract, irrespective of the number of acres of such land;" and "that neither of the plaintiffs ever had any reasonable ground for relying on any such statements [as were alleged to have been made by Mrs. Hellberg] as a guaranty or warranty of quantity." Such findings must not only be regarded as verities in the case, but *res adjudicatæ.* Whatever may be inconsistent therewith in the other findings must necessarily yield to such adjudicated facts. True, as indicated, the trial court found, in effect, that all such litigation and contention on the part of the plaintiffs had been in good faith. Just how the plaintiffs could, August 25, 1885, deliberately refuse to perform the only contract actually made, and then contend and litigate for so many years for the establishment of a contract that was never made, when "all the parties to said contract, *at the time of* its execution, *understood*" it to mean what it was finally adjudged to mean, is not perceivable. "In good faith" simply means "honestly, without fraud, collusion, or deceit; really, actually, without pretense." Burrill. Assuming that the plaintiffs did so contend and litigate in good faith, yet such good faith cannot be construed to mean anything more than without fraud, without deception, without suborning any witness, without pretense, and with an honest and sincere expectation of final success. But good faith, in such a case, cannot be based upon the mere sincerity, honesty, and good intentions of the party, not evidenced by conduct; otherwise we would have one standard for the weak, ignorant, and stupid, and another for the able, learned, and wise. True, it is found that such faith and belief of the

plaintiffs was founded on the advice of counsel, predicated on statements made by them to counsel of the same facts which they had testified to, and which both courts found to be untrue. Since the statements upon which the advice was predicated were unfounded, the conduct of the plaintiffs based upon such advice must, in any view of the case, be regarded as unwarranted.

The question recurs whether the plaintiffs, after having, August 25, 1885, deliberately refused to perform the written and only contract they ever made for the purchase of the land, and thereafter having contended and litigated for four years and nine months to compel Mrs. Hellberg and her children to perform an alleged contract which neither she nor they ever made, and then, after having been defeated, can, nevertheless, in equity, specifically enforce the performance of the same contract which they so refused to perform over ten years ago. In *Williams v. Williams,* 50 Wis. 316, RYAN, C. J., speaking for the court, said: "Specific performance will not be decreed when, for any reason, it would be inequitable. . . . It is a settled principle that a specific performance of a contract is not a matter of course, but rests entirely in the discretion of the court, upon a view of all the circumstances. . . . The question is not what the court must do, but what it may do under the circumstances. A court of equity must be satisfied that the claim for a deed is fair and just and reasonable, and the contract equal in all its parts, and founded on an adequate consideration, before it will interpose with this extraordinary assistance." These expressions are elementary, and have frequently been sanctioned by this and other courts. *Combs v. Scott,* 76 Wis. 667; *Rogers v. Van Nortwick,* 87 Wis. 429–431; *Seymour v. Delancy,* 3 Cow. 445, 15 Am. Dec. 270. It seems to be conceded that had the plaintiffs merely delayed in making any offer to perform for the four years and nine months, under the circumstances of this case, it would have

been sufficient to defeat this action,— especially where, as here, there has been a great increase in the value of the land. This is abundantly shown in the cases cited and the adjudications therein mentioned. Here the plaintiffs not only failed to perform during the time mentioned, but, after having expressly refused to perform, they attempted, during all that period, to compel the performance of an alleged contract never made, and thereby caused. great expense to the defendants and their mother. *Boyd v. Schlesinger*, 59 N. Y. 301; *Emrich v. White*, 102 N. Y. 657; *Datz v. Phillips*, 137 Pa. St. 203; *Weingœrtner v. Pabst*, 115 Ill. 412; and numerous other cases cited in the brief of counsel for the defendants. See, also, *Foster v. M'Intee*, 23 L. R. Ir. 535; *De Sollar v. Hanscome*, 158 U. S. 216. While courts are to be guided by the settled principles of equity in decreeing or refusing to decree specific performance, yet it is always to be done with reference to the facts of the particular case. *Hennessey v. Woolworth*, 128 U. S. 438; *McCabe v. Matthews*, 155 U. S. 550.

Upon the record in this case, we are .constrained to hold that the trial court properly refused to decree specific performance.

*By the Court.*— The judgment of the circuit court is affirmed.

PINNEY, J., took no part.