DARLINGTON and another, Respondents, vs. J. L. GATES LAND COMPANY, Appellant.

*February 23—March 15, 1910.*

*Deeds: Covenants as to title: Duty of grantee to record: Presumption as to recording: Pleading: Demurrer: Fraudulent representations not merged in covenants: Action, tort or contract?*

1. As against the grantor, the grantee in a warranty deed has a right to rely upon the covenants therein and is not charged with any duty to record the deed for the purpose of cutting off the title of prior grantees who are not in possession and whose deeds have not been recorded.

2. In an action by the grantee in a warranty deed against the grantor for breach of covenants by reason of prior conveyances, the court will not presume, in support of a demurrer to the complaint, that the deed to plaintiff, or a land contract pursuant to which it was given, was recorded at any particular time or that the prior grantees did not take possession or record their conveyances until after plaintiff had or might have recorded his

contract or deed. If plaintiff's deed was in fact first recorded and the rights of the prior grantees were thereby cut off, that is defensive matter.

3. If, by a liberal interpretation of the averments of a complaint, a good cause of action can be gleaned therefrom, a general demurrer should be overruled.

4. An averment in a complaint that timber was cut and removed during a certain month but not prior to the 15th may, by a liberal interpretation and as against a demurrer, be deemed to allege, though in a vague and indefinite manner, that the timber was being cut and removed at the time a deed was delivered to plaintiffs on the 25th of that month.

5. Fraudulent representations as to title, knowingly made by the vendor and relied upon by the vendee to his damage, do not become merged in the covenants of a warranty deed subsequently given; and a tort action for the deceit may be maintained.

[6. How or to what extent the right of the grantee in a warranty deed to recover for fraudulent representations of the grantor that he owned the land and the timber thereon would be affected by the fact that such grantee recorded his deed before prior grantees of the timber recorded theirs or went into possession, where such grantees of the timber afterwards cut and removed the same, is not determined.]

APPEAL from an order of the circuit court for Rock county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a general demurrer to the complaint.

The complaint in substance sets forth that on January 15, 1905, a written contract was made between the plaintiffs and the defendant, by the terms of which the defendant promised to convey to the plaintiffs 4,894.51 acres of land by deed of warranty, free and clear of incumbrances, for $25,737.81; that pursuant to this contract a warranty deed in due form was made, executed, and delivered by the defendant to the plaintiffs on January 25, 1905, and that the plaintiffs paid therefor the consideration mentioned in said land contract; that the southeast quarter of the northeast quarter and the northeast quarter of the southeast quarter of section 24, township 33 N., of range 7, were included in said contract and

conveyed to said plaintiffs by said deed; that said defendant on or about October 17, 1904, sold and conveyed by an instrument in writing to one William Diamond the timber on said descriptions; that the south half of the northeast quarter of section 26, in the township and range aforesaid, was likewise included in said land contract and conveyed to plaintiffs by said deed, and that by an instrument in writing bearing date November 28, 1904, said defendant sold the timber on said tract of land to one Charles Wood, and conveyed to said Charles Wood the right to enter upon said parcel of land and to cut and remove said timber; that the conveyances to Diamond and Wood were not a matter of record on January 15, 1905, when the land contract with the plaintiffs was executed; that prior to the execution of said land contract the plaintiffs entered on the lands described therein and made an examination thereof, which said examination was completed during the month of December, 1904; that at the time such examination was made no person was in the occupancy or possession of the parcels of land described in the conveyances made to Diamond and Wood. On information and belief the plaintiffs allege that said lands were unoccupied on January 15, 1905; that there was a large amount of valuable timber on the lands described in the conveyances to Diamond and Wood; that before making said land contract the plaintiffs represented to defendant that they desired to purchase the tract of land in question for a sheep ranch; that it was absolutely essential that they should have the timber on the aforesaid parcels of land situated in sections 24 and 26 in order to erect the necessary buildings for their sheep ranch; that the president of the defendant company falsely and fraudulently represented that defendant owned said timber and that the same was part of the property which defendant proposed to sell, and that if the lands in question were purchased by the plaintiffs the timber thereon would be purchased and conveyed with them; that, relying on such representations and believing them to be true, plaintiffs entered

into the contract of January 15, 1905, and subsequently ac-
cepted the deed of said lands and paid the consideration there-
for; that said Diamond and Wood, without the knowledge or
consent of the plaintiffs, during the months of January, Febru-
ary, and March, 1905, cut and removed the timber purchased
by them; that by reason of the false representations made by
the agent of the defendant to the plaintiffs, and by reason of
the fraud and deceit practiced upon said plaintiffs, and by
reason of their reliance on such representations, plaintiffs
suffered damages in a large sum, for which judgment is de-
manded.    In addition to the market value of the timber cut
and removed, plaintiffs allege certain facts tending to show
special damage by reason of the removal of the timber, for
which judgment is also demanded.

For the appellant the cause was submitted on the brief of
*L. M. Sturdevant.*

*W. H. Stafford,* for the respondents.

BARNES, J.    The appellant contends that the complaint
fails to state a cause of action for damages for deceit based on
the fraudulent oral representations alleged.    It further con-
tends that no cause of action is stated for damages for breach
of the covenant of warranty contained in the deed.    In sup-
port of the position taken, it is argued that the complaint
shows that the timber deeds were not recorded; that the ven-
dees in such deeds were not in possession of the lands when
the defendant's deed to plaintiffs was delivered; that the
timber had not been cut and removed from the lands on such
date; that it should be presumed that plaintiffs pursued the
usual and customary business methods and promptly recorded
their deed; and that by virtue of the recording act (sec. 2241,
Stats. 1898) the timber deeds became and were wholly void
as to the plaintiffs, and they received by their conveyance
everything that the defendant agreed to sell and in fact did
sell to them.

The complaint alleges positively that the vendees in the

timber deeds were not in possession of the lands in December, 1904, when the plaintiffs examined them, and states on information and belief that they were not in possession on January 15, 1905, when the land contract was in fact executed. It is silent as to whether they went into possession or cut any timber between January 15th and the date when the warranty deed was delivered, being the 25th of the same month, except as it alleges that during the months of January, February, and March, 1905, such vendees entered into possession of the lands and cut and removed the timber.    The complaint also avers that the timber deeds were not recorded on January 15, 1905, but is silent as to whether or not such deeds were recorded at any time thereafter.    It contains no averment that either the deed or the land contract was ever recorded.

It is obvious that there was a breach of the covenant of warranty when the deed was delivered.    By that covenant the defendant represented that it had good title to timber which it did not own.    Its warranty was not that the plaintiffs would get good title if they promptly recorded their deed, or if they had recorded their land contract, so as to cut off prior outstanding equities in favor of third parties who had purchased a part of the property but had failed to either go into possession or record their conveyances.

If the grantees in the timber deeds either entered into possession of the lands or recorded their conveyances (assuming that they were entitled to record) prior to the time the deed or land contract to plaintiffs was recorded, such grantees got good title, as against the plaintiffs, to the timber which they purchased.    In order to hold that no cause of action exists in favor of the plaintiffs, we must assume either (1) that the land contract was recorded on January 15th; or (2) that the grantees in the timber deeds did not go into possession of the lands or record their deeds prior to the date on which the deed or land contract to plaintiffs was recorded; or (3) that

such grantees did not take possession of the lands or record their conveyances until the plaintiffs might have recorded their deed, and that they cannot recover if they lost any rights by failing to record their conveyances promptly. As to the defendant, the plaintiffs were not obliged to record their deed or land contract at all. They had a perfect right to rely on the covenants of warranty contained in their deed, and were not charged with the duty of assuming that such covenants were untrue in fact. What was said by the Connecticut court in reference to a claim that an action for deceit would not lie for a fraudulent representation as to title because the vendee might have protected himself by examining the registry records is equally applicable to the situation presented in this case. The court used this language:

"It is an extraordinary defense for a man, when sued for making a false and fraudulent representation, respecting the title of another, by which the purchaser became deceived and defrauded, to say to him you cannot recover because by searching the records you might have discovered the falsity of my representations; in other words, because you believed what I stated to be true, and acted accordingly without further evidence." *Watson v. Atwood,* 25 Conn. 313, 320.

In order to hold the complaint bad, this court cannot indulge in the presumption that plaintiffs recorded their deed or land contract at any particular time. If these instruments were recorded in time to render the timber deeds void, such fact is defensive matter. Unless we indulge in the presumption that such documents were recorded at some particular time, manifestly the complaint states facts sufficient to constitute a cause of action.

The complaint should also be sustained on another ground. If, by a liberal interpretation of its averments, a good cause of action can be gleaned therefrom, the demurrer should be overruled. *Roe v. Lincoln Co.* 56 Wis. 66, 70, 13 N. W. 887. Reading the complaint in the light of this rule, it can reasonably be construed as alleging, in a vague and indefinite man-

ner, that the timber on the lands in dispute was being cut and removed at the time the deed was delivered to the plaintiffs. The statement is in effect that the timber was cut and removed during that month, but not prior to the 15th.    It is true the entry might not have been made until after the 25th, but this uncertainty of averment should be remedied by a motion to make the complaint more definite and certain, and does not render the complaint demurrable.    *Roe v. Lincoln Co., supra.*

It is evident from a reading of the complaint that the pleader attempted to state a cause of action for damages for deceit arising out of fraudulent representations as to title, knowingly made, and which induced the plaintiffs to purchase the lands and part with the consideration paid therefor. That the plaintiffs should not be confined to their remedy to sue for damages for a breach of the covenant of warranty contained in their deed is not free from doubt.    The averments of the complaint are sufficient to state a cause of action for breach of covenant, so that in any event the demurrer should be overruled.    Still the question of determining whether a cause of action for deceit will lie is not entirely an academic one, as the rule of damages may be different in the two classes of actions.    In the absence of actual fraud, the plaintiffs, in suing on a breach of covenant, would only be entitled to such a fractional part of the whole consideration paid as the value of the timber at the time of the purchase bore to the whole purchase price, with interest thereon.    *Docter v. Hellberg,* 65 Wis. 415, 424, 27 N. W. 176, and cases cited.    Whether this rule does not also extend to actions brought on covenants where actual fraud has been perpetrated need not be decided, in view of the conclusion reached as to the character of the cause of action stated.

The federal supreme court has held that representations made in good faith as to title become merged in a deed subsequently given containing a covenant of warranty, and that the action must be brought on the covenant.    *Andrus v. St.*

*Louis S. & R. Co.* 130 U. S. 643, 9 Sup. Ct. 645.   This case
is followed in *Farrar v. Churchill,* 135 U. S. 609, 10 Sup. Ct.
771, and in *Wright v. Phipps,* 90 Fed. 556, which is affirmed
without discussion by the court of appeals of the Second cir-
cuit (98 Fed. 1007, 38 C. C. A. 702).

The precise question here involved was before the court in
*Ward v. Wiman,* 17 Wend. 193.   A fraudulent representa-
tion as to title was made by the vendor and relied on by the
vendee.   The lands were conveyed by deed of warranty, and
an action for deceit, based on the fraudulent representation,
was instituted.   The defense was interposed that suit could
only be maintained on the covenant, because the oral repre-
sentation became merged in the covenant in the deed.   The
court held that the fraud was "not merged nor extinguished
by the covenant, but affords an additional and more complete
remedy to the party."   Other New York cases to the same
effect are *Wardell v. Fosdick,* 13 Johns. 325, and *Krumm v.
Beach,* 96 N. Y. 398, 406.   Other cases which follow the
New York rule are *Watson v. Atwood,* 25 Conn. 313; *Eames
v. Morgan,* 37 Ill. 260; *Claggett v. Crall,* 12 Kan. 393, 397.
The cases are numerous which hold that an action may be
maintained on fraudulent representations orally made as to
title where a conveyance has thereafter been executed and
delivered, although the question of merger is discussed in but
a few of them.   They are collated in note 35, 11 Cyc. 1068.
The rule deduced from the decisions so cited is stated in the
following language:

"If the representations are known to be false when made,
and have produced damage to the opposite party, the subse-
quent consummation of the agreement will not shield the
grantor, whether there are covenants in the deed or not."

It would seem to be sound in principle to hold that the doc-
trine of merger should not apply in a case involving actual
fraud.   It is here alleged that the agent of the defendant not
only represented that he had good title to the lands, but he

specifically stated that the timber thereon would become the property of the plaintiffs if they purchased, and that defendant owned it and had a good right to sell it. It is further alleged that such agent knew the representations to be false and fraudulent when he made them. Actual fraud is therefore shown by the complaint and admitted by the demurrer. A tort was committed, assuming the averments made to be true. The rule of damages, as well as the remedy for the enforcement of the right, may be different in a tort action from one on contract. *Huganir v. Cotter,* 102 Wis. 323, 78 N. W. 423. We think it is a salutary rule to hold that where, as here, actual fraud is alleged, the fraudulent oral representation as to title is not merged in the covenant of warranty contained in the deed subsequently given. We do not understand that the federal decisions cited lay down any different rule. The doctrine of those cases seems to be confined to representations made in good faith, and does not extend to representations known to be fraudulent when made.

We therefore hold that the complaint states a cause of action for damages for deceit arising out of the fraudulent representations alleged and which induced the plaintiffs to make the purchase. We do not determine how or to what extent the plaintiffs' rights are affected by sec. 2241, Stats. (1898), if the evidence should show that the deed or land contract to plaintiffs was recorded before the vendees in the timber deed went into possession or recorded their deeds. Such a situation may not arise. We have not been favored with any argument or citation of authority upon the point by respondents' counsel, and with very little by counsel for the appellant. It being unnecessary to decide the question, the court feels that it should not be passed upon until it is more fully argued.

*By the Court.*—Order affirmed.