DARLINGTON and another, Respondents, vs. J. L. GATES LAND COMPANY, Appellant.

*October 10, 1912—January 7, 1913.*

*Action: Tort or contract? Vendor and purchaser of land: False repre-*
*sentations: Failure of title to timber: Measure of damages: In-*
*terest: Evidence: Weight and sufficiency: Constructive fraud:*
*Merger in covenants of deed: When fraud actionable.*

1. In an action *ex delicto* based on false representations by the ven-
   dor of land to the effect that the purchaser would get title to
   the timber thereon, the measure of damages is the difference
   between the market value of the land as it was and the market
   value as it would have been had the representations been true.
2. If the action were *ex contractu* on the covenants of warranty in
   the conveyance, the measure of damages would be such propor-
   tion of the whole consideration paid as the value of the timber
   the title to which failed bore to the value of the whole tract
   purchased, with interest.
3. Where, in such a case, the lowest measure of damages applicable
   to either form of action was adopted, defendant was not preju-
   diced by a failure to determine whether the action was in tort
   or upon contract.
[4. Whether or not misrepresentations upon a sale of land, amount-
   ing only to constructive fraud, merge in the covenants for title
   in the deed, so that an action *ex delicto* will not thereafter lie,
   not decided.]
5. It is sufficient to constitute actionable fraud that the false rep-
   resentations made were a material inducement toward enter-
   ing into the contract and they need not have been the sole
   cause or inducement. Language used in *Shaw v. Gilbert*, 111
   Wis. 165, explained.
6. The question being as to the value of certain timber removed
   from land sold to the plaintiff, and the testimony being con-
   flicting not only as to values but as to the kinds and quantities
   of timber, the jury was not bound to accept and rely solely upon
   the testimony of any one witness, in assessing damages, nor
   to make a mere computation based upon any particular testi-
   mony.
7. Where the title fails to timber represented as going with land
   sold, and the damage to the vendee is the market value of the
   timber at the time of the sale, interest on such value from that
   time is properly allowed.

APPEAL from a judgment of the circuit court for Rusk county: JAMES WICKHAM, Circuit Judge.   *Affirmed.*

Action to recover damages for failure to acquire certain timber standing on lands purchased by plaintiffs from the defendant and which it is alleged the defendant falsely and fraudulently represented belonged to it at the time of sale and was included in the purchase of the lands.   The case was here before on appeal from an order overruling a general demurrer to the complaint, and is reported in 142 Wis. 198, 125 N. W. 456, to which reference is made for a fuller statement of facts.   The jury found (1) that when plaintiffs were negotiating with defendant for the purchase of the lands in question, J. L. Gates, the president of the defendant company, stated to *W. L. Darlington* that if plaintiffs purchased said lands they would become the owners of the timber thereon and that the defendant had not sold any of said timber; (2) that J. L. Gates made said statement to induce plaintiffs to make the purchase; (3) that the plaintiffs relied on the truth of said statement and were induced thereby to purchase the lands; (4) that Gates made said statement not knowing the same to be false so far as it related to the lands covered by the William Diamond contract; (5) that Gates made said statement knowing the same to be false so far as it related to the lands covered by the Charles Wood contract; (6) that the plaintiffs, considering their intelligence and experience by ordinary attention to their business, under the circumstances shown in this case, ought to have relied on said statement and accepted said statement as true without doing more than the testimony in this case disclosed they did to ascertain the truth or falsity of such statement; (7) damages as to the lands covered by the William Diamond contract in the sum of $1,047.07, plus interest $384.45—total $1,431.52; and (8) damages as to the lands covered by the Charles Wood contract in the sum of $378.35, plus interest $138.92—total

$517.27.    From a judgment in favor of the plaintiffs entered upon such verdict the defendant appealed.

For the appellant there was a brief by *Sturdevant & Farr*, and oral argument by *L. M. Sturdevant*.

For the respondents there was a brief by *W. H. Stafford*, attorney, and *T. J. Connor*, of counsel, and oral argument by *Mr. Connor*.

The following opinion was filed October 29, 1912:

VINJE, J.    The case was tried on the complaint before this court in *Darlington v. Gates L. Co.* 142 Wis. 198, 125 N. W. 456, and it was there held that it sufficiently alleged a cause of action for fraud and also one for a breach of the covenants of warranty in the deed.    Claim is now made by the defendant that the action is one for fraud, and that as to the Diamond lands, since no actual fraud was shown, the representations merged in the covenants of the deed and there is nothing to support the judgment.    The question of whether this is an action *ex delicto* or *ex contractu* is purely academic.    True, as stated by counsel for defendant, if the action is *ex delicto* then the measure of damages is the difference between the market value of the land as it was and the market value as it would have been had it been as represented, while if the action is *ex contractu* it would be such fractional part of the whole consideration paid as the value of the timber at the time of purchase bore to the whole purchase price, with interest, as announced on the former appeal.    142 Wis. 198, 204, 125 N. W. 456, citing *Docter v. Hellberg*, 65 Wis. 415, 27 N. W. 176.    But "such fractional part of the whole consideration paid as the value of the timber at the time of purchase bore to the whole purchase price" is nothing more nor less than the value of the timber at the time of purchase, and that was exactly the measure of damages applied in this case.    Every witness who testified to the difference between the market value of the

land as it was with the timber standing thereon and its market value without the timber, said that the difference in market value was the value of the timber removed, and that only was taken into consideration. The value of the timber removed, with interest, was the only element that made up the damages assessed. No lower measure of damages could have been applied under either kind of action, and defendant, therefore, would have fared no better had the action been expressly labeled *ex contractu.* So it becomes unnecessary to decide whether or not misrepresentations amounting only to constructive fraud merge in the covenants of title, and the question is reserved for future consideration and determination.

Error is alleged because the court instructed the jury:

"In order to answer this question [the third one] in the affirmative, you must find from the evidence that the plaintiffs believed said statement to be true, and that said statement constituted a material inducement for them to purchase the land. It is not necessary, however, that the plaintiffs should have relied exclusively upon such statement as an inducement to the plaintiffs to purchase the land, if such statement exerted a material influence upon their minds, inducing them to purchase."

It is claimed that in order to constitute actionable fraud the false representations must have been the sole cause or inducement that led to the contract or agreement. Such is not the law of this state. It has been repeatedly held that if the representations constitute a material inducement towards entering into the contract it is sufficient. *Davis v. Nuzum,* 72 Wis. 439, 40 N. W. 497; *Beetle v. Anderson,* 98 Wis. 5, 73 N. W. 560; *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406; *Benolkin v. Guthrie,* 111 Wis. 554, 87 N. W. 466; *Hurlbert v. T. D. Kellogg L. & M. Co.* 115 Wis. 225, 91 N. W. 673; *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231; *Post v. Roberts,* 127 Wis. 605, 106 N. W. 1099. The language used in *Shaw v. Gilbert,* 111 Wis. 165, 185, 86 N.

W. 188, "A false statement relied on, and without which the transaction would not have been made, constitutes legal deceit, although it may not have been the sole and only motive or consideration moving the defrauded party thereto," may be susceptible of the inference that it would not constitute legal deceit if the transaction would have taken place had it not been made. But that such is not its true construction is readily perceived when reference is had to other adjudications in this court wherein it is held that if the representations constitute a material inducement and are relied upon, that is sufficient. The rule is thus stated in *Farrar v. Churchill*, 135 U. S. 609, 615, 10 Sup. Ct. 771:

"The representation must be in regard to a material fact, must be false, and must be acted upon by the other party in ignorance of its falsity and with a reasonable belief that it was true. It must be the very ground on which the transaction took place, although it is not necessary that it should have been the sole cause, if it were proximate, immediate, and material."

We find no error in the instruction to which exception is taken.

It is urged that the damages assessed are higher than any evidence in the case warrants. It is true the assessment is slightly higher than the testimony of any one single witness produced by plaintiffs would support. But there is evidence on behalf of plaintiffs which sustains the assessment. Four kinds of timber were removed from plaintiffs' lands, namely, basswood, pine, hemlock, and ash. The testimony of the witnesses varied somewhat as to the price per thousand feet of the different kinds of timber testified to by them, but the total value of the timber, based upon the highest scale and the highest market price thereof testified to, would exceed the amount of damages assessed by the jury. The assessment, therefore, is not as high as it might have been made and still be supported by the testimony. The jury is not compelled to

accept, and rely solely upon, the testimony of any one witness in assessing damages, or merely to make a computation based upon any particular testimony. *Merrill v. Nightingale,* 39 Wis. 247; *Churchill v. Price,* 44 Wis. 540.

It is also urged that the court erred in allowing interest upon the market value of the timber from the time the contract was entered into. This court has held "that there are cases for breach of contract, and cases sounding in tort, where the damages are wholly unliquidated, but where they may be fixed by known and reasonably certain market values or other definite standards, where interest is to be allowed from the time of the breach or the commission of the injury." *J. I. Case P. Works v. Niles & S. Co.* 107 Wis. 9, 17, 82 N. W. 568. See, also, *Gross v. Heckert,* 120 Wis. 314, 97 N. W. 952. Here the damage to plaintiffs was the market value of the timber at the time it was removed. Such value could be found by known and reasonably fixed market values or other reasonably definite standards, and the court properly allowed interest from the time of the date of the land contract when plaintiffs became the equitable owners of the lands. *Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121. At that time the evidence shows that both Wood and Diamond were in possession of their respective tracts of land on which they had bought the timber and had commenced the cutting thereof.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, and the following opinion was filed, on January 7, 1913:

Vinje, J. A rehearing is asked because of the following alleged errors in the former opinion: (a) The statement that the case was tried on the complaint before the court in *Darlington v. Gates L. Co.* 142 Wis. 198, 125 N. W. 456. It was, so far as any question material to the decision was concerned. There had been a slight amendment as to occu-

pancy not affecting any question decided, and it was deemed safe to omit to mention such immaterial amendment. Perhaps we are now satisfied we erred in so believing. But it was and still is harmless error. (b) The rule of damages, if the action was *ex contractu,* was stated to be "such fractional part of the whole consideration paid as the value of the timber at the time of the purchase bore to the whole purchase price," instead of "to the value of the whole tract purchased," as stated in *Semple v. Whorton,* 68 Wis. 626, 32 N. W. 690; *Docter v. Furch,* 91 Wis. 464, 65 N. W. 161; and *Gates v. Parmly,* 93 Wis. 294, 318, 66 N. W. 253, 67 N. W. 739. Unfortunately the case was barren of any evidence showing the value of the whole tract purchased except the purchase price, and the court contented itself with expressing the rule in terms applicable to the case in hand, if *ex contractu,* and followed it up with the remark that the measure of damages stated was nothing more nor less than the value of the timber at the time of purchase. Counsel is in error in saying that the court considered the rule of damages the same whether it was an action for fraud or on contract for breach of warranty. What the court said was that defendant was not prejudiced by a failure to determine the nature of the action because the lowest measure of damages applicable to either was adopted, namely, the market value of the timber removed. Had the action been one *ex delicto,* a higher measure of damages might have been proper under other evidence; it could not have been lower under any evidence. (c) Claim was made in the original brief that the damages assessed by the jury for the removal of the timber on the Wood lands exceeded any value thereof shown by the evidence, and this table was given:

| | | | | |
|---|---|---|---|---|
| 5,800 feet pine | at $5 per M | | | $29.00 |
| 2,100 " ash | " " " " | | | 10.50 |
| 26,860 " basswood | " " " " | | | 134.30 |
| 75,930 " hemlock | " 2 " " | | | 151.86 |
| 13,630 " windfall pine | " 3 " " | | | 40.89 |
| Total | | | | $366.55 |

The jury assessed the value at $378.35. This claim is now repeated. The above table gives the scale testified to by Mr. Tonnoncour and gives his values except as to the "windfall pine." The price of $3 per thousand for it given in the table was testified to by Mr. Grandmaitre. On page 40 of the printed case Mr. Tonnoncour's testimony as to the value of the timber on the Wood lands is as follows: "Pine averaged 18 or 20 to the thousand, worth $5 per thousand; ash about 15 logs to the thousand, worth $5 per thousand; basswood about 15 logs to the thousand, worth $5 per thousand. Value of stumpage about $5. Hemlock about 21 logs to the thousand, value $2 per thousand stumpage."

It will be noticed that the value of every item in the above table, except windfall pine, is given by name by Mr. Tonnoncour, and, in addition, there is the item, "Value of stumpage about $5." This was taken to refer to windfall pine, the only item not specifically mentioned by the witness. In fact, it was the only item to which it could refer, for the others are given by the identical name in the table. So the statement in the opinion that the value of the timber based on the highest scale and the highest market price thereof testified to would exceed the amount of damages assessed by the jury seems to have some basis of fact to rest upon.